JAMES E. GREENLEAF, Appellant, *v.* NELSON C. ROE, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Motions to set aside defaults are addressed to the sound discretion of the court, and that discretion will not be interfered with, unless it is greatly abused.

THIS was an action of assumpsit. A demurrer to the declaration was filed and overruled. The defendant then obtained time to plead. The other proceedings are stated in the opinion.

Judgment was rendered for plaintiff in the court below, by J. M. WILSON, Judge, at the March special term, 1856.

E. W. TRACEY, for Appellant.

DAVIS and MARTIN, for Appellee.

SCATES, C. J. We have examined the declaration, and find no matter of substance obnoxious to a demurrer, and deem it unnecessary to enter into any discussion of the subject. The plaintiff had time allowed him to file a plea, and did file the general issue, with notice of special matter of set-off. But for want of an affidavit of merits, the plea was stricken from the files, a default entered, and judgment rendered upon proofs heard before the court.

The plaintiff entered his motion to set aside the default, supported by affidavit of his attorney, to the merits of the defence, that the plaintiff was a resident of Boston, Massachusetts, and that he had not time to procure an affidavit of merits since the filing of the plea. This motion was heard and denied. The motion was again renewed, and a plea of the general issue, notice of special matter of set-off, and an affidavit, by plaintiff, of merits, filed. This motion was also denied.

Motions to set aside defaults are addressed to the sound discretion of the court, and it must be a very gross and flagrant

abuse of that discretion that will warrant the revision and inter-position of this court, if at all. Such is not apparent upon this record.

Upon affidavit of plaintiff's non-residence, had the party asked time to procure an affidavit of merits, a much stronger case would have been presented. But no time has been asked. The party suffered judgment to go for want of a plea, and threw himself upon the discretion of the court. He has simply shown, by affidavit, a counter demand, and, for anything appearing, may bring his action and recover his demand, when established by proofs. There is, therefore, no ground to set aside the default, simply to enable the plaintiff to plead a set-off, which is recoverable in another action.

*Judgment affirmed.*