McCARLEY v. McGHEE et al.

(Circuit Court, N. D. Alabama, N. D.   April 10, 1901.)

1. RECEIVERS—VALIDITY OF JUDGMENT AGAINST—PRIOR DISCHARGE.
    A judgment in an action against the receivers of a railroad is valid, where at the time of its rendition they had not been discharged in the suit in which they were originally appointed, although the receivership was subsequently extended to another suit against the company, and in such suit they had been discharged prior to the judgment.

2. APPEAL—SUPERSEDEAS—SERVICE OF WRIT OF ERROR.
    The provision of Rev. St. § 1007, that, "in any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error by lodging a copy thereof for the adverse party in the clerk's office where the record remains," etc., is permissive, only, as to the manner of serving the writ, and not mandatory, as was the corresponding provision in the judiciary act of 1789, and does not preclude service in any other manner. Under such section the filing of the original writ with the clerk is equivalent to lodging a copy with him, and constitutes a service of the writ for the purpose of a supersedeas.

On Motion to Vacate Judgment.

Milton Humes and John H. Sheffey, for the motion.
Henry K. White and S. S. Pleasants, opposed.

TOULMIN, District Judge. This is a motion by the sureties on the writ of error bond in the above-entitled cause to set aside and vacate the judgment rendered against them at a former term of this court. This motion was made at that term, and was duly continued by the court. The motion is based on the contention (1) that the original judgment from which the writ of error was taken was null and void; (2) that the bond known as the "Writ of Error Bond" did not operate as a supersedeas. It is contended by the movants that the judgment against said receivers was null and void, because rendered against them after they had been discharged, and that no copy of the writ of error was lodged with the clerk of the court, and for that reason the writ of error did not operate as a supersedeas.

It appears from the record evidence that McGhee and Fink were appointed receivers in the equity cause of Thomas against the Memphis & Charleston Railroad Company, and subsequently in the cause of Farmers' Loan & Trust Company against the same, and that they were sued as receivers in Thomas against the Memphis & Charleston Railroad Company. It further appears from the record that said receivers had not been discharged as such in the Thomas case at the time the judgment of McCarley, administrator, against them was rendered by the circuit court, but that they had been discharged from further administration of the property in their hands at the time said judgment was affirmed by the circuit court of appeals.

At the time this motion was argued, my opinion was that the judgment complained of was valid, and I have since seen no reason to change my opinion.

The second proposition contended for by the movants was not so clear, and the question was taken under consideration, and has been given such examination as my time would allow. The judiciary act of 1789 provided that a writ of error "shall be a supersedeas and stay execution in cases only where the writ is served, by a copy thereof being lodged for the adverse party in the clerk's office where the record remains, within ten days after rendering the judgment complained of." Several decisions have been rendered by the supreme court under this act wherein it was held that "the effect of the writ as a supersedeas depended upon compliance with the conditions imposed by the act," and that under the act the lodging of a copy of the writ for the adverse party in the clerk's office was indispensable. These decisions have been cited by the movants in support of their contention. At common law a writ of error was a supersedeas by implication (20 Enc. Pl. & Prac. 1212); but, since the act referred to, a service of the writ is essential to its operation as a supersedeas. The act of 1789 provided that it shall be a supersedeas in cases only where the writ is served by a copy thereof being lodged for the adverse party in the clerk's office. By act of 1872 (17 St. 198, § 11) it was provided that any party desiring to have any judgment reviewed on writ of error, and to stay proceedings thereon during the pendency of such writ of error, may give the security required by law therefor within 60 days after the rendition of the judgment. In Telegraph Co. v. Eyser, 19 Wall. 419, 22 L.

Ed. 43, the supreme court held, in reference to this statute, that, where an appeal was taken and the requisite security given within 60 days, a supersedeas followed as a matter of right. In the opinion the court said:

"It is expressly declared that the supersedeas bond may be executed within sixty days after the rendition of the judgment. It is not said when the writ shall be served. The giving of the bond alone is made the condition of the stay. The section is silent as to the writ. The execution, approval, and filing of the bond is substantial. The filing of the writ is matter of form."

In this condition of the law the Revised Statutes were adopted, section 1007 of which provides that:

"In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court. And in such cases where a writ of error may be a supersedeas, execution shall not issue until the expiration of the said term of sixty [ten days] days."

The supreme court, in Kitchen. v. Randolph, 93 U. S. 86, 23 L. Ed. 810, said:

"The revised section is not silent as to the writ, and it is said when it must be served. If the supersedeas is asked for when the writ is obtained, the writ must be sued out and served within sixty days, and the requisite bond executed when the citation is signed. The policy of the old law is thus restored, the only modification being in the extension of time allowed for action. Sixty days are given instead of ten."

The old law, in terms, was not restored, but the policy of the old law was restored. That policy was that the defendant in error must have notice of the writ having been sued out. The policy of the old law requiring service of the writ is restored. Formerly service was to be effected within 10 days. This is modified, and 60 days are now given. It will be observed that section 1007 of the Revised Statutes does not provide that a supersedeas shall be obtained in cases only where the writ of error is served by a copy thereof being lodged for the adverse party in the clerk's office, as was provided by the act of 1789, but the language of the revised section is, "The defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office." He may serve the writ in that way. It is permissible for him to do so. But it is not provided in terms, and I think clearly not intended to mean, that the supersedeas may be obtained only where the writ of error is served by a copy thereof being lodged in the clerk's office. If such was the intention of the lawmakers, why so materially change the language used in the act of 1789 to that found in section 1007, Rev. St.? The court in Kitchen v. Randolph, supra, say that, "under the law as it now stands, the service of a writ of error is an indispensable prerequisite to a supersedeas,"—not that the service of the writ in a particular manner is an indispensable prerequisite. The service of the writ of error is

substantial. The filing of it in the clerk's office is matter of form. We know, as a matter of observation and practice, that the service is sometimes effected by personally serving the writ on the adverse party, as is ordinarily the case in the service of any process, and that it is sometimes effected by acceptance or acknowledgment of service by the counsel for the defendant in error. United States Nat. Bank v. First Nat. Bank, 24 C. C. A. 603, 79 Fed. 296. It does not appear whether the writ of error in this case was personally served, or that acceptance of service was had, but it does appear from the record that it was filed with the clerk of the court. I know of no statute and of no rule of court that requires the writ of error to be lodged with the clerk. We find it filed with the clerk in this case, and we may well presume that it was so filed for the purpose of effecting service on the defendant in error. It does not appear whether it was a copy of the writ of error or not. It, however, served the purpose of a copy. There is no special virtue in a copy of the writ. If the writ may be served by lodging a copy thereof with the clerk, then surely it may be served by lodging the original writ itself. The service is the substantial act required to be done. The manner or mode of service is a matter of form. The motion to vacate the judgment against the sureties is overruled.