HARTFORD LIFE AND ANNUITY INSURANCE COMPANY

*v.*

MARION ROSSITER *et al.*

*Opinion filed April 16, 1902.*

1. DEFAULT—*when refusal to set aside default will be upheld.* A judgment refusing to set aside default will not be reversed, on appeal, unless it appears there has been an abuse of discretion by the trial court, the rule being that both diligence and merit must be shown, and if defendant has not used due diligence to protect his rights it is not an abuse of discretion to refuse to vacate the default.

2. PRACTICE—*counter-affidavits may be filed on a motion to set aside default.* While counter-affidavits will not ordinarily be heard upon motion for a new trial or for a continuance, yet they may be filed and considered upon a motion to set aside a default and vacate the judgment; and if the affidavits and counter-affidavits flatly contradict each other, the action of the court in giving credence to one rather than the other cannot be assigned as error.

3. SAME—*how to proceed where court overrules motion for leave to file bill of exceptions.* If, after refusal of the court to set aside a judgment by default, the defendant prays an appeal and moves for leave to file a bill of exceptions, which prayer and motion are denied, the defendant should except to the action of the court and preserve such exception by a bill of exceptions, and if the judge refuses to sign and seal a bill of exceptions incorporating such ruling when properly presented, the remedy of the defendant is by *mandamus* and not by appeal or writ of error.

*Hartford Life and Ann. Ins. Co.* v. *Rossiter,* 98 Ill. App. 11, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

PARKER & PAIN, for appellant.

FREDERICK A. BROWN, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of assumpsit brought by the appellees, who were minors, by their next friend, Frederick C. Rossiter, in the circuit court of Cook county, on a certificate of membership issued by appellant on the life of Frank N. Rossiter, the father of appellees, who died on March 31, 1899. Service of summons was had in time for the April term, 1900, and the declaration was filed to the May term of said court, which gave the appellant until the 23d day of that month in which to plead. On May 31, no plea having been filed, a default was entered and judgment rendered against the appellant for the sum of $1008.33. At the same term of court a motion was made by the appellant to set aside the default and that it be let in to plead, etc., which motion was overruled and the appellant sued out a writ of error from the Appellate Court for the First District, which court affirmed the judgment of the circuit court, and an appeal has been prosecuted to this court.

In a case of this character the judgment of a trial court will not be reversed, on appeal, unless it appears there has been an abuse of discretion by that court in refusing to set aside the default and permit a defense upon the merits. The rule is, that diligence and merit must both be shown, and when it appears that the party defaulted has failed to exercise due diligence to protect his rights, it has never been held an abuse of discretion to refuse to vacate a default judgment. *Barrett* v. *Queen City Cycle Co.* 179 Ill. 68.

The showing as to diligence is embraced in the affidavit of E. H. Stearns, which states that he is the traveling agent of the appellant; that on or about April 15, 1900, he was notified to take charge of this case; that on

that day he went to the office of Frederick A. Brown, appellees' attorney, in the city of Chicago, for the purpose of ascertaining the facts of the case, as the papers were at the home office in Hartford, Connecticut; that he held a conversation with said attorney; that he left agreeing to return with the papers and other data in the case; that he was led to believe by said attorney, and did believe, that no declaration would be filed and no action taken in the case until his return; that relying upon his understanding with said attorney he notified the attorneys for appellant to do nothing in the case during his absence; that he returned to Chicago on June 2, 1900, having all the papers and other data in his possession, and went to the office of appellees' attorney, and then learned for the first time that a judgment had been entered by default against the appellant.

The affidavits of appellees' attorney and Frederick C. Rossiter, who was present at the time of the interview between said attorney and Stearns on April 15, were read upon the hearing of the motion to set aside the default, in which they both deny that there was any understanding or agreement between said attorney and Stearns that no action would be taken in the case until Stearns returned to Chicago, and state that said attorney, during the interview, gave to Stearns a statement in writing that appellant would have until May 21, 1900, in which to plead to said action, which statement Stearns was notified to produce upon the hearing of the motion, but which he failed to produce, although he appears to have had the same in his possession on June 2, 1900.

The affidavit of Stearns failed to show any sufficient excuse for the failure to plead in time. It states he was led to believe, and did believe, that no declaration would be filed until his return to Chicago, and that, relying upon his understanding with appellees' attorney, he notified appellant's attorneys to do nothing during his absence. The affidavit was but a statement of the conclusions of

the affiant, and did not state any facts from which the court could determine that there was an understanding between appellees' attorney and Stearns that no action should be taken in the case until his return to Chicago, and was not sufficient to justify the court in setting aside the default. Furthermore, the affidavit in support of the motion was flatly contradicted by the counter-affidavits filed by appellees. While counter-affidavits will not be heard upon a motion for a new trial or for a continuance, this court in *Boyle* v. *Levi*, 73 Ill. 175, *Palmer* v. *Harris*, 98 id. 507, and *Hefling* v. *VanZandt*, 162 id. 162, has recognized the right to file counter-affidavits upon a motion to set aside a default and vacate a judgment. In *Palmer* v. *Harris, supra,* which was a motion to set aside a default and be let in to plead, etc., the court said (p. 509): "Where the affidavits on a motion of this kind are flatly contradictory of each other, the action of the court in giving credence to the one rather than to the other cannot be assigned for error."

On the 14th day of June, 1900, and after the court had overruled the motion to set aside the default and judgment, from which order the appellant had prayed an appeal to the Appellate Court for the First District, which had been allowed, and had been given time in which to file a bill of exceptions, it again appeared in court and prayed an appeal from the judgment rendered by the court on the 31st day of May, and entered its motion for leave to file a bill of exceptions in the matter of said judgment, which prayer for an appeal was denied and motion for leave to file a bill of exceptions overruled. The appellant took no exceptions to the action of the court refusing to allow such appeal or in declining to allow a bill of exceptions to be filed. If the appellant desired to have the action of the court in declining to allow an appeal from said judgment reviewed on appeal, it should have excepted to the ruling of the court and preserved such exception by bill of exceptions. If the

judge refused to sign and seal a bill of exceptions when properly presented, incorporating therein such ruling, its remedy was by *mandamus* to compel the judge to sign and seal the same, and not by appeal or writ of error. There is, therefore, no question before this court involving the action of the court in refusing to grant said appeal, or in declining to sign and seal a bill of exceptions in the matter of said judgment.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*