## Mutual Insurance Company v. Jesse P. Carnahan.

1. DEFAULT—*when motion to set aside, properly denied.* A motion to set aside a default is properly denied where it appears that the failure of the defendant to plead was due to his gross neglect.

2. DEFAULT—*when counter-affidavits competent on motion to set aside.* On a motion to set aside a default, counter-affidavits as to the negligence of the defendant in failing to plead, are competent.

Action of assumpsit. Appeal from the County Court of Shelby County; the Hon. THOMAS H. RIGHTER, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed October 9, 1905.

R. M. PEADRO, for appellant.

WILLIAM H. RAGAN and GEORGE B. RHOADS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellee against appellant upon a policy of insurance. The declaration avers the issuance of the policy, the total destruction by fire of the property covered, and that the value of the same was the full amount of the policy, to-wit, $325. A summons was duly issued on March 4, 1904, returnable to the July term of the County Court, which was served upon the defendant on March 14, 1904. The declaration was filed on December 29, 1904, and upon the second day of the following January term of court a default was taken on the summons and the case set for hearing on January 16, 1905, upon which day evidence was heard, *ex parte*, the damages assessed at $325, and judgment rendered therefor. On Janu-

ary 31st, appellant filed a motion to open up the judgment and for leave to plead to the merits, which motion the court overruled. The defendant appeals and assigns such action as error.

The affidavit filed in support of the motion discloses that after appellant was served with summons, and prior to the return day thereof, appellant wrote to the clerk of the court, sent him a dollar and requested him to send a copy of the declaration to appellant; that the clerk retained the money and replied by letter that as soon as the declaration was filed he would send a copy; that when said declaration was filed, the clerk neglected to notify appellant or to send it a copy thereof as he had agreed; and that appellant had no knowledge of the default or judgment until January 27, 1905. Other facts are set out in the affidavits which appellant insists shows that it has a meritorious defense to the greater part of appellee's demand.

The statute provides that " the court may, in its discretion, before final judgment, set aside any default upon good and sufficient cause upon affidavit, upon such terms and conditions as shall be deemed reasonable." An application to set aside a default is addressed to the sound legal discretion of the court, and its decision thereon cannot be assigned for error unless there has been gross abuse of such discretion. Eggleston v. Royal Trust Co., 205 Ill. 170. The application must be supported by an affidavit or affidavits showing both that the default was taken without any fault or negligence on the part of applicant, and that there is merit in his defense. Eggleston v. Royal Trust Co., *supra*.

Both diligence and merit must be shown, and if the defendant has not used due diligence to protect his rights, it is not an abuse of discretion to refuse to vacate the default. Ins. Co. v. Rossiter, 196 Ill. 277.

The facts set forth in the affidavits filed by appellant show conclusively gross negligence on the part of appellant. No diligence whatever appears to have been used by it to protect its rights. It will, therefore, be unnecessary to determine whether the affidavits disclose a meritorious defense.

The court properly considered counter-affidavits upon the question of negligence, for upon that question the action of the court is decisive; upon the question of meritorious defense, however, the showing made by the defendant only, can be considered. Gilchrist v. Northern Grain Co., 204 Ill. 513.

The judgment must be affirmed.

*Affirmed.*