Benjamin Leafgreen, Defendant in Error, v. David Bornstein, Plaintiff in Error.

### Gen. No. 16,574.

1. JUDGMENTS—*when delay of attorney will prevent vacation of default judgment.* A crowded condition of the hallways and elevators in a municipal court building, delaying an attorney, and the fact that he only received a statement of the claim a few minutes before the cause was called for trial, and was delayed in entering his appearance, are not grounds for vacating a default judgment where no showing is made as to when the attorney was employed or that he made his presence known to the court when he learned of the default.

2. JUDGMENTS—*negligence of attorney making default will not be ground for vacating judgment.* Where a judgment is entered by default on the nonappearance of an attorney, his negligence in waiting until a few minutes before court meets to enter an appearance will be imputed to his client and will prevent a vacation of the judgment.

3. JUDGMENTS—*diligence to be shown to cause vacation of judgment.* Where proper diligence in entering an appearance is not shown, a judgment entered on a default thereon will not be vacated.

Appeal from the Municipal Court of Chicago; the HON. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 16, 1912.

ISRAEL B. PERLMAN, for plaintiff in error.

PARKER & HAGAN, for defendant in error.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

This is an action of the fourth class brought in the Municipal Court to recover $135, alleged to be due for work done and labor and materials furnished by defendant in error to plaintiff in error, and at his special instance and request. Judgment for said sum was entered by default against plaintiff in error and in favor of defendant in error.

By this writ of error the judgment of the court in refusing to set aside the default is challenged. The return day was on February 21, 1910, and by affidavit of the attorney for plaintiff in error filed February 25, 1910, it appears that judgment was entered at 9:30 A. M. on return day for failure of plaintiff in error to enter his appearance by or before that hour, as required by the rules of the court. The affidavit and application of plaintiff in error by his attorney fails to show proper diligence. The reasons assigned in the affidavit for the failure to appear in time is that on the morning of the return day plaintiff in error's attorney was two minutes late, because of the crowded condition of the hallways and elevators in the Municipal Court building. The affidavit also states that the attorney only received a copy of the statement of claim and the summons in the cause about 9:15 A. M. of return day, and that he "ascertained at 9:30 A. M. that judgment had been entered against plaintiff in error." There is no showing as to when the attorney for plaintiff in error was employed in the case, and no sufficient reason or excuse appears for his not entering an appearance with the clerk before the convening of court. Neither does there appear in the record any showing that the attorney for plaintiff in error made known his presence to the court at 9:32 A. M., when he learned of the default, nor that he then made any attempt to have the entry of default and judgment set aside and an appearance entered. Plaintiff in error also makes the statement that the crowded condition of the halls and elevators on the mornings of return days in the Municipal Court is so

well known that the court ought to take judicial notice thereof. That may be true, but it only emphasizes the fact that it is negligence in an attorney to wait until a few minutes before court meets to enter the appearance of his client. An application for setting aside a default must show diligence, and the negligence of the attorney is imputable to the client. Hartford Life & Annuity Ins. Co. v. Rossiter, 196 Ill. 277; Eggleston v. Royal Trust Co., 205 Ill. 170.

It does not clearly appear in the record whether the default was occasioned by plaintiff in error or his attorney, but the record does fail to show proper diligence in the matter of the entry of appearance of plaintiff in error, and we, therefore, cannot legally interfere with the court's action in refusing to set aside the judgment and default. Hitchcock v. Herzer, 90 Ill. 543.

It will not be necessary to consider the motion to expunge the bill of exceptions from the record, as the record presents no good grounds for a reversal of the judgment. The judgment is affirmed.

*Judgment affirmed.*