Edward V. Kloepher, by his next friend, Dennis S. Kloepher, Defendant in Error, v. W. Irving Osborne et al., Plaintiffs in Error.

### Gen. No. 17,799.

1. CARRIERS—*contributory negligence.* Where a passenger on a rapidly moving electric street car is crowded down and forced to stand on the steps, and is struck by a trolley pole and injured, and testifies that he had in previous rides not noticed the close proximity of such poles to the cars, he is not guilty of contributory negligence as matter of law.

2. CARRIERS—*standing on steps of car not negligence per se.* Standing or sitting upon the platform or steps of a moving railway car, although it may be *prima facie* evidence of negligence,

Kloepher v. Osborne, 177 Ill. App. 384.

is not, under all circumstances, negligence *per se* and as a matter of law.

3. CARRIERS—*contributory negligence.* Negligence and contributory negligence are questions of fact for the jury, but when the facts are admitted and all reasonable minds will agree that the injury was the result of plaintiff's own negligence, the court may as a matter of law find that there was such contributory negligence on the part of plaintiff as to defeat a recovery.

4. CARRIERS—*plea of general issue admits possession of car.* In an action against the receivers of an electric street railway company for negligent operation, the plea of general issue admits possession and control of the car and appliances described in the declaration, and the capacity in which defendants are sued, and there is no merit in a contention that the car referred to in the testimony is not identfied as the one mentioned in the declaration, where no variance is shown.

5. RECEIVERS—*judgments against, conclusive.* Under the Act of Congress of March 3, 1887, a judgment rendered in an action at law in a state court against a receiver appointed by a federal court is conclusive as to the existence and amount of plaintiff's claim, but the time and manner of its payment are to be controlled by the court appointing the receiver.

6. RECEIVERS—*judgment against, not personal but in rem.* The liability of a receiver for the torts of his servants in operating a railroad is not a personal one, but in his official capacity only, and a judgment against a person as receiver, "to be paid in due course of administration," is in the nature of a judgment *in rem* or against the fund.

7. RECEIVERS—*judgment against.* While no judgment can be rendered against a receiver after he has been discharged from his trust, for torts committed by his employees while he was receiver, still in some cases, where the trust property is taken out of his hands by the order of the court appointing him, without discharging him, an action pending against him may proceed to judgment.

8. RECEIVERS—*appointment of new receiver.* Where a judgment is entered against receivers of a company after they have, under an order of court, transferred all its property to another receiver, and their attorney has failed to notify the court before whom such action was pending of such order, this fact precludes the defendants from urging that the judgment should be vacated.

9. DEFAULT—*rule for setting aside.* A default may be set aside in the discretion of the trial court where defendant shows a *prima facie* defense to the merits and a reasonable excuse for not having made the defense, the rule being that both diligence and merit must be shown, and affidavits are to be construed most strongly against the party making the application.

10. DEFAULT—*counter-affidavits on motion to vacate.* On a motion to set aside a default and vacate a judgment, counter-affidavits on the question of diligence are admissible, but it is not proper for the court to consider counter-affidavits as to meritorious defense.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed February 13. 1913.

**Statement by the Court.** On November 8, 1909, defendant in error, hereinafter called plaintiff, commenced an action in *case* against plaintiffs in error, hereinafter called defendants, in the Superior Court of Cook county, to recover damages for personal injuries sustained by plaintiff while riding on an electric car controlled and operated by defendants. The declaration as amended consisted of five counts. The third count alleged, in substance, that prior to August 21, 1909, the defendants were duly appointed receivers of said railroad company by the Circuit Court of the United States for the Northern District of Illinois, Eastern Division, and as such receivers, pursuant to an order of said court, were operating an electric railroad from Ravinia Park, Lake county, Illinois, through Winnetka in Cook county, Illinois, to Evanston in said Cook county; that defendants caused and permitted posts, known as trolley poles, to be erected along the west side of the railroad tracks in Winnetka for the purpose of supporting electric wires; that plaintiff on the date aforesaid took passage on the westerly side of said tracks at Elm street, Winnetka, on one of the south bound cars of defendants, to be carried from Winnetka to Evanston; that said car was crowded with passengers and, owing to the crowded condition thereof, plaintiff was standing on the steps on the west side of the car; that defendants negligently ran and propelled said car southward at a rapid speed along and past said poles in such close proximity thereto that there was the narrow space of five inches between

the west side of the car and the poles, which was dangerous to the life and limb of a person so standing on said steps, all of which defendants knew or by the exercise of due care could have known; that because of the negligence of the defendants, plaintiff, while a passenger on said car and in the exercise of reasonable care and caution for his own safety, was struck by said poles and thrown to the floor of said car, and his arm dislocated and fractured, and he was permanently injured, etc.   The defendants filed a plea of the general issue.

When the case was called for trial on March 3, 1911, none of the defendants appeared nor any one in their behalf.   A jury was impaneled to try the issues, and plaintiff was sworn as a witness.   He testified in substance that he was twenty years of age at the time of the commencement of this action; that on August 21, 1909, he boarded a car at Elm street, Winnetka, to go south to Evanston and paid his fare; that the car stopped at Elm street to take on passengers; that the car was crowded, and six or seven persons got off the car and that left an opening on the rear platform of the car and plaintiff got on the platform; that the car was so crowded that the people pushed him down on the step; that there was no "seating room;" that one of the posts on which "they run their trolley wires" hit his arm and "dislocated it and cracked the bone;" that when he was struck, the post was as close to the car as "three or four inches;" that he did not know about the post being there, and that while he had traveled on the line before, he had not noticed that the post was so close to the car; that the conductor was on the rear platform of the car at the time he boarded the car and "remained there during the entire time;" that at the time of the accident he was working for the village of Winnetka in the water and light department, receiving as wages, $55 per month; that after the accident he was treated by a physician at the latter's office; that

his arm was put in a cast where it remained about six weeks, and that it was about two months before he could resume his usual occupation; that the physician rendered him a bill, the amount of which he did not remember and which was not yet paid, and that his arm now so affects him that "I have got a stinging pain in my elbow, when there is any change in the weather." No further testimony was offered and the jury, without any instructions, being given them, returned a verdict finding the defendants guilty and assessing plaintiff's damages at $850, upon which verdict the court entered judgment for said amount and costs against the defendants, "to be paid in due course of administration as receivers."

After the entry of the judgment, and on the same day, the defendants, by their attorneys and upon notice to plaintiff, appeared and moved the court to "set aside the judgment and the verdict rendered and the default and grant a new trial." The motion was supported by the affidavits of George T. Rogers and James W. Simonton, which were filed by leave of court, and the motion was continued until the next term. The affidavit of Mr. Simonton was to the effect that he believed that the defendants had a meritorious defense to the action, and stated certain facts as grounds for that belief. The affidavit of Mr. Rogers, a member of the firm of attorneys representing the defendants, related to the question of the diligence of the defendants and stated in substance that the cause was set for trial before one of the judges of the Superior Court for February 27, 1911; that on that date said judge did not have a call of common law cases but was hearing chancery cases, and that the "Chicago Daily Law Bulletin" announced that the call of the law calendar of said judge would be taken up on March 1, 1911, by another judge of said court—Judge Patton; that on said March 1st, said case did not appear on Judge Patton's call, but did appear on said call for

March 2nd, and for March 3rd, with plaintiff's name misspelled as "Kocphen;" that on or about February 23, 1911, W. O. Johnson was appointed as receiver of said railroad company in place of the said defendants, and that owing to the change in said receivership, confusion resulted and additional work was thrown upon the employees of said receivers and their counsel; that cases pending against said receivers were in the almost exclusive charge of another member of affiant's law firm, who had been confined to his bed by illness since February 28th; that owing to the absence of said other member from the office, additional work in connection with said receivership was thrown upon affiant, and affiant did not direct his attention especially to said call and did not recognize the case as it appeared in said Bulletin, by reason of said misspelling.

On March 8, 1911, the attorney for plaintiff, in opposition to said motion filed the counter affidavits of plaintiff and one Dusham, relative to the merits of plaintiff's case, and also, by leave of court, introduced a rule of said court relative to preliminary and trial calls of cases pending in said court and to the effect that announcements of the calls in said Bulletin "will be deemed sufficient notice to parties and their attorneys." Said attorney also filed his own affidavit stating, *inter alia*, that said Bulletin, in its editions of Monday, February 27th, and Tuesday, February 28th, announced the call for Wednesday, March 1st, before Judge Patton; that said Bulletin, in its editions of Wednesday, March 1st, and Thursday, March 2nd, published the cases on said Judge's call for the following day, and that in each of said editions appeared, among other cases, the case "7720 Klocphen v. Osborn." Said attorney also presented to the court for inspection copies of said calls so printed in said Bulletin.

On March 11, 1911, the additional affidavit of George T. Rogers was filed in support of defendants' motion,

which stated that the law firm, of which affiant was a member, were the attorneys of record for said defendants and also general counsel for W. O. Johnson, the present receiver of said railroad company; that said defendants "were relieved of their duties in connection with the operation, property and assets of said railroad company," and W. O. Johnson appointed as receiver thereof, by order of the United States Circuit Court entered on February 21, 1911; that pursuant to said order the said defendants, as receivers, did on February 28th, formally deliver to said W. O. Johnson, as receiver, all cars, railroad equipment, money, records, books and all other property and rights of said company, which they had had in their possession or under their control as such receivers. Attached to the affidavit was a copy of the order of said United States Court, in which it was stated that it appeared to the court that it was "to the interest of the properties herein involved that a single operating receiver be appointed, and that the present receivers, heretofore appointed herein, be and remain as advisers to the court," and in which it was ordered, *inter alia,* that said Johnson, as receiver, take immediate possession of all the property of said company and hold the same as an officer of said court; that the salaries of the present receivers cease but that they "be retained in the capacity of advisory receivers of this court;" that the present receivers (said defendants) forthwith turn over all the property of said company in their possession as receivers to said Johnson; that Johnson as such receiver "is hereby further authorized to defend any and all suits against him or against said railroad company, or its prior receivers, whenever in his judgment it shall be to the interest of said railroad company, or its creditors, so to do," and that said receiver is empowered "to institute and carry on all legal proceedings necessary for the protection of rights * * * and other property embraced in this order."

On March 20, 1911, the court denied the motion of

the defendants to set aside the judgment and verdict and grant a new trial, and overruled defendants' motion in arrest of judgment, to which rulings the defendants excepted.

TENNEY, COFFEEN, HARDING & SHERMAN, for plaintiffs in error.

JOHN T. BYRNES, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

It is first contended by counsel for defendants that the evidence is insufficient to support the verdict and judgment because it does not show that the car on which plaintiff was riding when injured was owned and operated by the defendants. It is argued that although the defendants filed a plea of the general issue to plaintiff's declaration and although such a plea admits the possession and control of the car and appliances described in the declaration, and the character or capacity in which the defendants were sued, still there was no evidence "to connect the car mentioned in the declaration with the car concerning which the plaintiff testified." In our opinion there is no merit in the contention. McNulta v. Lockridge, 137 Ill. 270, 285; Chicago Union Traction Co. v. Jerka, 227 Ill. 95, 99; Pennsylvania Co. v. Chapman, 220 Ill. 428, 431; Brunhild v. Chicago Union Traction Co., 239 Ill. 621, 624.

And we cannot agree with the contentions that there was no evidence of negligence on the part of the defendants as charged in the declaration, and that the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law. "The general rule is, that negligence and contributory negligence are questions of fact for the jury, but when the facts are admitted and all reasonable minds will agree

that the injury was the result of plaintiff's own negligence, the court may, as a matter of law, find that there was such contributory negligence on the part of the plaintiff as to defeat a recovery." Howes v. Chicago & E. I. R. Co., 217 Ill. 500, 503. "Standing or sitting upon the platform or steps of a railway car when the train is in motion, although it may be *prima facie* evidence of negligence, is not, under all circumstances, negligence *per se* and as a matter of law." Chicago & A. R. Co. v. Fisher, 141 Ill. 614, 627; Lake Shore & M. S. R. Co. v. Kelsey, 180 Ill. 530; North Chicago St. Ry. Co. v. Polkey, 203 Ill. 225, 232; Chicago & W. I. R. Co. v. Newell, 212 Ill. 332. We cannot say that, under the facts as disclosed from plaintiff's testimony, all reasonable minds would agree that plaintiff's injury was the result of his own negligence.

It is also contended by counsel that the refusal of the trial judge to vacate the judgment and grant a new trial was an abuse of discretion. The matter of setting aside a default has always been held to be within the sound discretion of the court (Boyle v. Levi, 73 Ill. 175), which will not be interfered with, on appeal, except where that discretion is clearly abused. Greenleaf v. Roe, 17 Ill. 474; Staunton Coal Co. v. Menk, 197 Ill. 369. The judgment will not be opened unless the defendant shows a *prima facie* defense to the merits. Gilchrist Transp. Co. v. Northern Grain Co., 204 Ill. 510. If such a showing is made, the default may be set aside, provided a reasonable excuse is shown for not having made the defense. Mason v. McNamara, 57 Ill. 274. The rule is that both diligence and merit must be shown. Hartford Life & Annuity Ins. Co. v. Rossiter, 196 Ill. 277. Although it may be shown that the defendant has a good defense, a default will not be set aside if the defendant, or his attorney, has been guilty of negligence. Mendel v. Kimball, 85 Ill. 582; Plaff v. Pacific Exp. Co., 251 Ill. 243, 247; Staunton Coal Co. v. Menk, *supra.* "Affi-

davits, filed in support of applications to set aside judgments by default, or entered in *ex parte* proceedings, are to be construed most strongly against the party making the application." Staunton Coal Co. v. Menk, *supra,* p. 374. After careful consideration of the record before us, we are unable to say that the trial court in refusing to vacate the judgment abused its discretion.

It is futher contended that the trial judge erred in permitting plaintiff's attorney to file the counter-affidavits of plaintiff and Dusham on the question of meritorious defense. Upon a motion to set aside a default and vacate a judgment, counter-affidavits on the question of diligence are admissible. J. W. Farrior & Co. v. Mickle, 133 Ill. App. 444; Mutual Ins. Co. v. Carnahan, 122 Ill. App. 540; Hartford Life & Annuity Ins. Co. v. Rossiter, 196 Ill. 277, 280; Gilchrist Transp. Co. v. Northern Grain Co., 204 Ill. 510, 513. But it is not proper for the court to consider counter-affidavits controverting the affidavit of the defendant as to his meritorious defense. Mendel v. Kimball, 85 Ill. 582; Gilchrist Transp. Co. v. Northern Grain Co., *supra.* Still, where, as in this case in our opinion, no sufficient cause for opening the judgment is shown, the error in permitting the filing of the counter-affidavits is not prejudicial. Gilchrist Transp. Co. v. Northern Grain Co., *supra.*

It is lastly contended by counsel that the judgment against defendants was improper because they were not, as receivers, in control and possession of the property of the railroad company on the day the judgment was entered. It appeared from the affidavit of Mr. Rogers and the copy of the order of the United States Court accompanying the same, filed in support of defendant's motion, that ten days before the entry of the judgment, a "single operating receiver," in the person of W. O. Johnson, was appointed by said court and ordered to take immediate possession of all the property of the railroad company; that the defend-

ants as the then receivers were directed to turn over all of said property in their possession to said Johnson, but were retained as "advisory receivers of the court;" that Johnson, as receiver, was authorized to defend all suits against him or the company or "its prior receivers;" and that three days before the entry of said judgment the defendants, as receivers, made formal transfer of all of said property to said Johnson, as receiver, in compliance with the order. It is to be noticed that the defendants were not discharged as receivers. It is argued by counsel that, although a subsequent receiver is liable for the torts of his predecessors and can be sued for the same, and although property in his hands is a fund which is liable for any judgments standing against prior receivers, as such, at the time of the transfer of said property to him, in this case a different situation is presented in that the judgment was rendered against the defendants, as receivers, after they had, by order of the court appointing them, turned over to Johnson all of the property held by them as receivers and had parted with all control over the same, that at the date of said judgment the defendants had nothing in their hands upon which the judgment could operate and that the judgment against them was, therefore, improper.

We have reached the conclusion that, under all the circumstances of this case, the judgment against the defendants should not be reversed for the reasons advanced by counsel. When the accident to plaintiff occurred, and when plaintiff brought suit against the defendants to recover damages for the injuries sustained, the defendants, as receivers, had possession and control of the property of the railroad company. By filing their plea of general issue to plaintiff's declaration they admitted that they had such possession and control, as receivers. When the case was called for trial, the verdict rendered and the judgment entered, it does not appear that either the trial court

or the attorney for the plaintiff was advised of any different situation existing than that disclosed from the pleadings. The judgment entered at that time was an adjudication of the matters in controversy. After the judgment was entered, the trial court was for the first time advised of the entry of the order of the United States Court,—entered ten days before the judgment here in question was rendered. Inasmuch as it appears from the affidavit of Mr. Rogers that the attorneys for the defendants knew that the cause, by order entered February 8th, had been set for trial for February 27th, it was the duty of said attorneys to have notified the Superior Court in some appropriate manner of the entry of the order of the United States Court of February 21st, immediately after its entry, and we think that the fact that they did not do so should preclude the defendants from urging, after the entry of the judgment, that said judgment should be vacated. McNulta v. Ensch, 134 Ill. 46, 55; Woddington v. Huey, 80 Ga. 651.

The liability of a receiver for the torts of his servants in operating a railroad is not a personal one, but a liability in his official capacity only, and the damages for such torts are to be paid only out of the fund or property in the control of the court appointing the receiver, and a judgment against a person, as receiver, "to be paid in due course of administration," is a judgment in the nature of a judgment *in rem,* or against the fund. McNulta v. Lockridge, 137 Ill. 270, 279; Farmers' L. & T. Co. v. Central R. R. of Iowa, 7 Fed. 537, 539; Bartlett v. Cicero Light Co., 177 Ill. 68. "So long as the property of the corporation remains in the custody of the court and is administered through the agency of a receiver, such receivership is continuous and uninterrupted until the court relinquishes its hold upon the property, though its *personnel* may be subject to repeated changes." McNulta v. Lockridge, 141 U. S. 327, 332; Knickerbocker v.

Benes, 195 Ill. 434. Such a judgment rendered in an action at law in a state court, by virtue of the provisions of the Act of Congress of March 3, 1887, against a receiver appointed by a federal court is conclusive as to the existence and amount of the plaintiff's claim, but the time and manner of its payment are to be controlled by the court appointing the receiver. Dillingham v. Hawk, 9 C. C. A. 101, 60 Fed. 494; Jackson v. Lahee, 114 Ill. 287, 294; Richards v. People, 81 Ill. 551. While it is true that where a receiver has been discharged from his trust no judgment can be rendered against him for torts committed by his employees while he was receiver (34 Cyc. 481; High on Receivers (4th Ed.) 398b; McNulta v. Lockridge, 137 Ill. 270, 282), still, in some cases, where the property or fund is taken out of the receiver's hands, by order of the court appointing him, without discharging him, an action pending against him may proceed to judgment. 34 Cyc. 411; Cowen v. Merriman, 17 App. Cas. D. C. 186; McCarley v. McGhee, 108 Fed. 494. We are of the opinion that, under the facts of this case, the judgment against the defendants, as receivers, should stand, and it is accordingly affirmed.

*Affirmed.*