# Eleanor Delany Chapman, Appellee, v. North American Life Insurance Company, Appellant.

## Gen. No. 23,903.

1. CORPORATIONS, § 493*—*when return of service of process upon vice president is prima facie sufficient.* A return of service of process upon the vice president of a corporation, in the alleged absence of the president, which recited service of the "writ on the within named North American Life Insurance Company of Chicago, a corporation, by delivering a copy thereof to Thomas M. Knox, vice president and agent of said corporation, this 10th day of January, 1916, the president of said corporation not found in my county," was prima facie sufficient, but its verity may be challenged.

2. PROCESS, § 82*—*how verity of return of service of process upon officer may be challenged before judgment.* The verity of a return of service of process upon an officer of a corporation, in the alleged absence of the president, may be challenged before judgment by plea in abatement.

3. JUDGMENT, § 273*—*how verity of return of service of process upon officer of corporation may be challenged after judgment and term.* The verity of the return of service of process upon an officer of a corporation, in the alleged absence of the president, may be challenged after judgment and after the expiration of the judgment term, by filing a motion in writing in the nature of a writ of error *coram nobis*, under section 89 of the Practice Act (J. & A. ¶ 8626), supported by proper and sufficient affidavits or other proof, provided the point thus attempted to be raised has not been raised.

4. JUDGMENT, § 274*—*when affidavits contradicting service of process are insufficient.* After judgment by default and the passing of the judgment term, service of process cannot be successfully challenged when the affidavits supporting a motion in the nature of a writ of error *coram nobis* seek to controvert some fact involved in the officer's return "upon information and belief."

5. CORPORATIONS, § 487*—*when service of process on vice president is sufficient.* Service of process upon the vice president of a corporation, in the absence of the president, is valid where an officer calls at the office of the corporation during one of the president's "temporary absences," and, upon making inquiry for the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

president and being advised that he is not in, asks to see the vice president or some other official, and, upon being directed to the vice president, delivers a copy of the summons to him.

6. Judgment, § 274*—*when not shown that failure of corporation to interpose defense was caused by accident, mistake or excusable negligence.* On a motion in the nature of writ of error *coram nobis*, made under section 89 of the Practice Act (J. & A. ¶ 8626), by which an insurance corporation sought to quash a summons served on its vice president and vacate an order of default after the entry of judgment and expiration of the term, evidence *held* insufficient to show that the failure of defendant to interpose a defense in the case was caused by accident, mistake or excusable negligence, and, on the contrary, to show inexcusable negligence.

7. Judgment, § 273*—*what essential to warrant vacation of default after term.* On a motion in the nature of a writ of error *coram nobis*, to set aside a judgment by default after term time, both diligence and merit must be shown in order to warrant relief.

8. Judgment, § 274*—*when fraud warranting vacation of by default not shown by affidavits.* Fraud warranting the vacation of a judgment by default, on motion in the nature of a writ of error *coram nobis*, is not made out by affidavits setting up facts constituting purely matters of defense, on the theory if they had been called to the attention of the court the judgment could not have been recovered, and that failure to inform the court thereof constituted fraud.

9. Judgment, § 274*—*when affidavits insufficient to warrant vacation of by default.* Proof of alleged fraud in the conduct of the case warranting the vacation of a judgment by default against an insurance company on a life insurance policy, after expiration of the term, on motion in the nature of a writ of error *coram nobis*, cannot be established by averments on information and belief on affidavits in support of such motion by officials who were not present at the hearing of the case.

10. Judgment, § 125*—*presumption as to validity of by default.* On a motion, in the nature of a writ of error *coram nobis*, after the expiration of the term, to set aside a default judgment, any presumptions that are to be indulged in must be in favor of the validity of the judgment rather than against it.

11. Judgment, § 272*—*what fraud may be set up as basis for motion for writ of error coram nobis.* The fraud which may be set up and urged as a basis for a motion for a writ of error *coram nobis*, to set aside a judgment by default after expiration of the term, is only fraud which has caused the defendant to omit en-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tering an appearance or filing a plea or interposing a defense, or the like.

Appeal from the Circuit Court of Cook county; the Hon. VICTOR P. ARNOLD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed October 16, 1918. Rehearing denied October 28, 1918.

THOMAS E. ROONEY and FERDINAND GOSS, for appellant; CHARLES S. DENEEN, of counsel.

WINSTON, STRAWN & SHAW and MONTGOMERY, HART & SMITH, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from an order of the Circuit Court, denying the motion of the North American Life Insurance Company, appellant, hereinafter referred to as the defendant, made under the provisions of section 89 of the Practice Act (chapter 110, Rev. St., J. & A. ¶ 8626) in the nature of a writ of error *coram nobis,* by which the defendant sought to quash a summons in said case, vacate the order of default and set aside and vacate the verdict of the jury and the judgment which had been entered against it and in favor of Eleanor Delany Chapman, appellee, hereinafter referred to as the plaintiff, said judgment being for the sum of $20,600, and also to stay execution on said judgment. The original action was brought by the plaintiff on a policy of life insurance, issued by the defendant, upon the life of one Rudolph C. Keller.

The judgment in question was entered on March 17, 1916. The term of court at which this was done expired on March 18th. It appears from the record that the defendant came into court on March 22nd and orally moved the court to vacate and set aside the judgment generally. On March 24th, counsel for defendant served the plaintiff's counsel with notice to

the effect that on the following morning, March 25th, they would appear in the Circuit Court and ask the court to stay execution in said case for 30 days. While this notice was filed with the clerk, it does not appear from the record that the motion was presented to the court. Under that date, however, the defendant filed its general appearance in the case. On May 15th counsel for defendant served plaintiff's counsel with another notice to the effect that they would appear in the Circuit Court on the following day and make the motion which is the subject of this appeal.

In contending that the order of the Circuit Court, denying this motion, should be reversed, the defendant first raises a question of jurisdiction. The defendant contends that the trial court was without jurisdiction to enter judgment by reason of defective service of process, inasmuch as the process was served upon the vice president of the defendant company at a time when its president is alleged to have been within the county and available for the service of process. The return upon the process in this suit was in the following words: "Served this writ on the within named North American Life Insurance Company of Chicago, a corporation, by delivering a copy thereof to Thomas M. Knox, vice president and agent of said corporation, this 10th day of January, 1916, the president of said corporation not found in my county."

It is apparent that this return is prima facie sufficient, but its verity may be challenged. *Chicago Sectional Elec. Underground Co. v. Congdon Brake Shoe Mfg. Co.*, 111 Ill. 309. This may be accomplished before judgment by filing a plea in abatement. *Alexander v. Alexander*, 161 Ill. App. 614; *Sibert v. Thorp*, 77 Ill. 43. It may also be accomplished after judgment and after the expiration of the judgment term, by filing a motion in writing in the nature of a writ of error *coram nobis*, under section 89 of the Practice

Act (J. & A. ¶ 8626), supported by proper and sufficient affidavits or other proof, provided the point thus attempted to be raised has not been waived. *Luckey v. Yeomen of America*, 141 Ill. App. 332.

So far as the jurisdictional point is concerned, we are of the opinion that the trial court did not err in overruling the motion.

The affidavits presented by the defendant in support of this part of its motion were insufficient. These affidavits were executed by J. H. McNamara, the president of the defendant company, William O. Morris, its actuary, and Thomas M. Knox, its vice president. In the first of these affidavits, Mr. McNamara said that on the day the alleged service was had on the defendant, he was the president of the company, publicly attending to his business as such and not in concealment or hiding but was in the office of the company during the entire day, "with the exception of occasional temporary absences." The affidavit of Mr. Morris is to the same effect so far as this point is concerned, as is also that of Mr. Knox. The latter affidavit proceeds to say further that on the occasion in question the deputy came to him and inquired whether he was an officer of the company, and that affiant stated that he was the vice president, whereupon he handed the copy of the summons to affiant and left the office. The only other allegations in this affidavit applicable here are contained in a paragraph reading as follows: "Affiant further represents that he is informed and believes and upon such information states the truth and the fact to be that the sheriff or his deputy on said day made no inquiry or search for the president of said defendant company but merely inquired at the office of said defendant whether any officer of said defendant was present, and that affiant was then pointed out as being an officer."

After judgment by default and the passing of the judgment term, service of process cannot be success-

fully challenged by means of such affidavits as these where they seek to controvert some fact involved in the deputy's return, "upon information and belief." From all that appears from the facts positively sworn to in these affidavits, the deputy called at the office of the defendant, upon the day in question during one of Mr. McNamara's "temporary absences," and upon making inquiry for that official and being advised that he was not in, asked to see the vice president or some other official, and upon being directed to Mr. Knox delivered a copy of the summons to him. If that was the situation the service was perfectly valid and in full compliance with both the letter and the spirit of the statute.

We are unable to find, as urged by the defendant, that its failure to interpose a defense in this case was caused by accident, mistake or excusable negligence. It appears from the record that at the time of the service of the summons on the vice president of the defendant company, all matters relating to lawsuits on policies of insurance were in charge of its secretary, and that it was the custom, in the event of the service of process on any other officer or agent of the company, that such process should immediately be turned over to the secretary, or in his absence to his assistant, and by him on the same day placed in the hands of the company's attorneys.

It further appears that the vice president of the company, upon receiving the summons in the case at bar from the deputy, gave it to the actuary of the company for delivery to its secretary; that the latter official was absent from his office and the actuary left it on the secretary's desk, according to custom, but that for some reason the secretary did not get it, and it was not brought to his attention by anybody.

It further appears that all the officers of the company were very busy on the day in question, and their minds were much occupied in preparation for the

annual meeting of the company, which was to be held on the following day, and, further, that the assured in the policy in question was also the assured in a number of other policies, which had been issued by the defendant company and which were all in litigation at that time and had been for some weeks or months.

That it amounted to negligence on the part of the officers of the defendant, who had the summons in their possession and knew about it, to merely lay it on the secretary's desk and fail to follow that up, and make sure that it had come to his actual personal attention, seems to us to admit of no question. In our opinion the facts alleged as an excuse for that failure cannot be held to have that effect. These very facts, namely, the rush of matters incident to the approaching annual meeting, and the fact that the assured in question was also the assured in other policies then in litigation, furnished additional reasons why those who knew of the summons in this case, in the exercise of a proper degree of care, should not merely have left it where the secretary would be expected to find it, in due course, but should have seen the secretary personally and brought the summons and the fact of its service actually to his knowledge and attention.

The defendant has urged upon us several further reasons upon which it bases its contention that this judgment should be reversed, all of which are substantially to the effect that it had a good defense to all or a part of the plaintiff's demand. These matters we cannot consider and do not pass upon. It has frequently been held that where a motion is made within the term, to set aside a default judgment, the action of the trial court in denying the motion will not be reversed on appeal unless it appears that there has been an abuse of discretion, the rule being that both diligence and merit must be shown; and if the defendant has not used due diligence to protect his rights or has failed, through some negligence, to pre-

sent a defense he had to the action, it is not an abuse of discretion to refuse to vacate the default and the judgment based thereon. *Hartford Life & Annuity Ins. Co. v. Rossiter,* 196 Ill. 277; *Mutual Ins. Co. v. Carnahan,* 122 Ill. App. 540; *Leafgreen v. Bornstein,* 174 Ill. App. 36; *Kloepher v. Osborne,* 177 Ill. App. 384; *Simon v. Hengels,* 107 Ill. App. 174; *Schultz v. Meiselbar,* 144 Ill. 26; *Barrett v. Queen City Cycle Co.,* 179 Ill. 68. The same rule obtains where a motion in the nature of a writ of error *coram nobis* is made to set aside a judgment of default, after the judgment term. Where a valid defense exists in fact but it is not interposed and default and judgment follow, the motion substituted by the statute for the writ of error *coram nobis* may be invoked, provided the failure of the defendant to interpose his defense has not been due to any negligence on his part.

Diligence on the part of the party complaining is as essential to the right to relief by means of such motion as it is that a good defense to the action on its merits shall exist. *W. A. Jones Foundry & Machinery Co. v. Aurora, E. & C. Ry. Co.,* 166 Ill. App. 166.

In the affidavits filed by the defendant in support of its motion, to set aside this judgment, it is alleged that the policy in question had lapsed by reason of the failure of the assured to pay a premium; that subsequently the latter had applied for a reinstatement of his policy and that the defendant had accepted a cash payment for part of the premium, and a note for the balance as a conditional payment, and that both the note executed by the assured and the receipt given fore it by the defendant, recited that the policy was to become void and all benefits under it forfeited to the company if the note was not paid at maturity, and further that the said note was not paid at maturity, and that the assured had later advised the defendant that he had been obliged to allow the policy to lapse

by reason of financial embarrassment. It is further set up in these affidavits that the plaintiff's husband and her counsel were advised of these facts, by one of the officers of the defendant company, when they called at its offices, after the death of the assured, and demanded payment on the policy here in suit. The defendant further represents in these affidavits that the note and receipt referred to above, as well as the original application for the insurance, were essential parts of the contract of insurance here involved, but that they were not set up by the plaintiff in her declaration, and the affiants, officers of the defendant company, allege upon information and belief that such application for insurance and the note and receipt referred to were not introduced in evidence, nor were their contents in any manner brought to the knowledge of the court and jury before whom the original suit was tried.

It is the contention of the defendant that this course of conduct, on the part of the plaintiff and her counsel, amounted to a fraud upon the court and such as should of itself, and aside from any other reason urged, be sufficient to warrant the granting of the motion to set aside this judgment. This contention is untenable for several reasons. The proof that was before the court and jury in the original case, and which resulted in the judgment in question, is not before us here. It is of course not in this record and the affidavits of the officials of the defendant company who were not at the hearing of the case, making allegations on information and belief, are not sufficient to establish what the proof was. Further, even though the facts alleged in the affidavits be taken as true, as they must be under the demurrer to the motion, which was interposed by the plaintiff, it by no means follows that the course of the plaintiff and her counsel amounted to a fraud. These affidavits do not exclude the possibility of the presence of other facts, estab-

lishing a waiver on the part of the defendant of any defenses it had. Any presumptions that are to be indulged in must be in favor of the validity of the judgment rather than against it. The affidavits submitted by the defendant in support of its motion fail to show legal fraud, and in this respect the situation presented here is somewhat similar to that which was before the court in the case of *Ward v. Durham*, 134 Ill. 195, which was a bill in equity, by which it was sought to avoid a judgment, because of alleged fraud. The complaint upon which that bill was based was not that the defendant had done anything to mislead the complainant or her counsel, but that she had not informed the court of facts which the complainant alleged would have defeated her case, or, in other words, had not herself, as the original plaintiff, interposed the defenses which the original defendant and her attorneys had either seen fit to waive or through negligence had failed to make. The court there held that there was not sufficient allegation of fraud within the meaning of the law upon which to base a decree setting aside the judgment complained of. And so here the same might be said of the affidavits submitted by the defendant,—they fail to make a sufficient allegation of fraud to warrant the court in granting the defendant's motion to set aside the judgment.

But if we assume not only that the facts are true but also that they establish fraud as the defendant contends, it does not follow that this judgment should be set aside in such a proceeding as the one at bar. It is not such fraud that may be made the basis of a motion to vacate a judgment, in the nature of a writ of error *coram nobis*. The fraud which may be set up and urged as a basis for the granting of such a motion is fraud which has caused the defendant to omit entering an appearance or filing a plea or interposing a defense or the like. Where one has not been negligent but, through some trick or fraud practiced by the

plaintiff, he has been lulled into a feeling of security and led to forego taking steps to defend the action brought, and, as a result, the judgment has been entered, such fraud may be urged as the basis for a motion in the nature of a writ of error *coram nobis,* after the judgment term has expired, and in this way the judgment may be set aside. *Pisa v. Rezek,* 206 Ill. 344, 345; but the fraud alleged here had nothing whatever to do with the failure on the part of the defendant to interpose a defense to the suit. Such a case of fraud is not made out by the allegation in one of the affidavits filed by the defendant in which one of its officers asserts that he assumed that no further claim would be made under this policy after payment upon it had been refused, and the facts concerning the alleged default in the payment of a premium, and its subsequent conditional payment, and the alleged breach of the condition had been given by him to the plaintiff's husband and her attorney.

For the reasons stated the judgment of the Circuit Court will be affirmed.

*Affirmed.*