HENRY BOYLE

*v.*

WOLF LEVI.

73   175|
51a 468|
73   175|
196  ²280|
73   175
204   513

1. PRACTICE—*setting aside a default, discretionary with the court.* The matter of setting aside a default is within the sound discretion of the court, and where it does not appear there has been an abuse of that discretion, the judgment of the court will not be disturbed.

2. Where affidavits filed by the respective parties, on a motion to reinstate a cause dismissed for want of prosecution, are flatly contradictory, the action of the court in giving credence to those on one side, instead of the other, can not be held to be error.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. SNOWHOOK & GRAY, and Mr. WM. M. JOHNSTON, for the appellant.

Mr. A. GARRISON, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

The appeal taken by appellant from the judgment rendered against him by the justice of the peace was dismissed in the circuit court for want of prosecution. The dismissal of the appeal is said to be erroneous, for the reason appellee, who was plaintiff in the court below, had no standing in that court, because he had not entered his appearance, nor had he paid the costs required by the statute to be paid before he could be permitted to enter his appearance. After the dismissal, appellant moved to reinstate the cause, and filed affidavits in support of the motion, to which appellee filed counter affidavits. These affidavits are flatly contradictory, and we can not say the court erred in giving credence to those of appellee.

It is not disputed the case was placed on the trial calendar for the May term of the court. The affidavits filed by appellee show the requisite costs had been paid to an acting clerk of the court, for the appearance fee, on the 6th day of September, 1873, and the cause regularly placed on the trial docket for the next term. In addition, appellee's counsel states, in his affidavit, he gave appellant's counsel actual notice the cause was on the trial docket, and would be reached in a few days.

It is true, appellant and his counsel deny all knowledge of the cause being on the trial docket, and the testimony of Hall tends to show the appearance fee had never been paid.

This matter of setting aside a default has always been held to be within the sound discretion of the court. We can not say but that discretion has been well exercised in this case. Certainly there has been no abuse of that sound discretion with which the court is clothed, and its judgment must be affirmed.

*Judgment affirmed.*