A. C. PALMER *et al.*

*v.*

EDWARD G. HARRIS.

*Filed at Springfield March 21, 1881—Rehearing denied June Term, 1881.*

1. RETURN UPON PROCESS—*when to be questioned.* Where it is complained on error that a default was not set aside in the court below, the return, as to service of process and the mode of service, must be taken as true. If incorrect, the party has his remedy for a false return.

2. ERROR—*conflicting affidavits.* On a motion to set aside a default, where the affidavits are flatly contradictory, the action of the court in giving credence to the one rather than .to the other can not be assigned for error.

3. DEFAULT—*setting aside.* The fact that the defendant has a cross-action against the plaintiff, is not, alone, sufficient ground to require the setting aside of a default. It simply appeals to the discretion of the circuit judge.

4. PRACTICE—*right to have damages assessed by jury.* The statute giving parties the right to have the damages assessed by a jury, where an interlocutory judgment has been given, has reference to causes pending, and after the interlocutory judgment, and before final judgment is rendered. The party desiring a jury must ask for one at the proper time.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. W. P. CALLON, and Mr. OSCAR A. DeLEUW, for the appellants.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Judgment by default was rendered in favor .of appellee and against appellants, in the circuit court of Morgan county, on the 18th of November, 1879, and it .was thereupon referred to the clerk to assess the damages, (the suit being upon a promissory note), and he assessed the same at $8512.78. Judgment was then rendered, on this assessment, for that amount of damages, and costs of suit.

Afterwards, on the 11th day of December, 1879, appellants entered their .motion to set aside this default, and to be let in to plead, etc., supported by affidavits. Pending the decision upon this motion, the venue was changed to Sangamon county. The court in the last named county overruled the motion on the 9th day of January, 1880, and the appellants

took the case, by appeal, to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed. This appeal is prosecuted from the last named judgment.

The grounds upon which the setting aside of the default is urged, are:

*First*—Appellants were not properly served with process; or, if properly served, were served in such way as to mislead them as to what case the service was in.

*Second*—That appellants were entitled to a jury, on demand, during the term, to assess the damages.

The record shows a proper service of the summons, and the affidavit of the sheriff contradicts the affidavits in behalf of appellants in regard to the manner of making the service.

The return must be taken as correct. If incorrect, appellants have their remedy for a false return. With regard to the other charge, we have held, where the affidavits on a motion of this kind are flatly contradictory of each other, the action of the court in giving credence to the one rather than to the other, can not be assigned for error. *Boyle* v. *Levi*, 73 Ill. 175.

And we held in *Bowman* v. *Wood*, 41 Ill. 203, where, as here, it is asked to set aside a default because the defendant has a cross-action against the plaintiff, it simply appeals to the circuit judge to exercise a discretion, and as the defendant may still sue and recover judgment on his demand against the plaintiff, the refusal to let such a defence in can not work injustice.

With regard to the other point, it is sufficient to say that it does not appear that either party asked to have the damages assessed by a jury while the case was undisposed of. The statute provides, Rev. Stat. 1874, chap. 110, sec. 40: "In all cases where interlocutory judgment shall be given in any action brought upon a penal bond, or upon any instrument in writing for the payment of money only, and the damages rest in computation, the court may refer it to the

clerk to assess and report the damages, and may enter judgment therefor: *Provided*, that either party may have the damages assessed by a jury."

This, of course, has reference to causes pending, and after interlocutory judgment, and before final judgment is rendered.

If the court shall be held bound to keep the judgment open at all, where is the limit? Shall it be one hour, one day, or one week, or until the last moment of the term, in order that parties shall elect to have damages assessed by a jury? In our opinion, the court is under no obligation to keep a case open for a non-appearing defendant any length of time. If he is in court, it is his duty to be present when the case is reached in its order upon the docket and called for trial, and then make known any wish he may have in regard to the mode of assessing damages, precisely as it is his duty to be present at or before that time and interpose any defence he may have to the action.

The defendant, in cases of default, has the right to cross-examine witnesses. But who would pretend that he might lie by, from day to day, compelling the plaintiff to keep his witnesses present, at however great ·inconvenience and trouble, that he might exercise this right?

We can not say there was any abuse of discretion in refusing to set aside this default.

The judgment is affirmed.

*Judgment affirmed.*