## H. V. Finkelstein v. M. H. Schilling.

### Gen. No. 4,803.

1. DEFAULT—*when action of court upon motion to set aside judgment by, will not be reversed.* A motion to set aside a judgment by default is addressed to the sound legal discretion of the trial court and a court of review will not disturb the action of the trial court unless such action appears to be wrongful or oppressive.

2. DEFAULT—*what essential to right to granting of motion to set aside judgment by.* In order that a judgment by default may be set aside, two conditions must be shown: first, that the defendant has not been negligent, and second, that he has a meritorious defense.

3. COUNTER-AFFIDAVITS—*when propriety of consideration of, by trial court, cannot be questioned on review.* The action of the court in considering counter-affidavits upon a motion to set aside a judgment entered by default cannot be questioned on review where the complaining party did not either by motion or in any other way question the correctness of the action of the court in that particular.

4. COUNTER-AFFIDAVITS—*when may be considered on motion to set aside judgment by default.* It is appropriate for a trial court to consider upon a motion to set aside a judgment entered by default counter-affidavits with respect to the question of diligence; but with respect to the merits counter-affidavits should not be heard.

Assumpsit. Appeal from the County Court of Peoria county; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

CHARLES C. DUTCH, for appellant.

COVEY & COVEY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action of assumpsit brought by M. H. Schilling against H. V. Finkelstein. Summons was served on the defendant on the nineteenth day of September, 1906, returnable on Monday, the first day of October. A declaration containing the common counts was filed September 20th with a statement of the account sued on as follows: "Aug. 4, To cash received by the defendant for the use of the plaintiff, $400.00." On October 4th the defendant was defaulted and a judgment was rendered against him for $400. On November 23rd the defendant entered a motion to set aside the order of default and for leave to plead to the merits which motion the court overruled. The defendant appeals and assigns error upon this ruling of the court in denying such motion.

The appellant on November 26th filed an affidavit in support of his motion setting forth that on August 4, 1906, Schilling purchased of appellant a thread and pipe-cutting machine for $475 and that Schilling paid $400 on the purchase price and that after the delivery of the machine plaintiff claimed that the machine so delivered was not the machine he con-tracted to purchase of appellant; that plaintiff did not re-deliver said machine to defendant but still had pos-session of it; that appellant was served with process of summons on September 20th and on the following day called on his attorney, J. A. Weil, and explained to him his defense and that said Weil promised to protect his interests; that said Weil says he remem-bers nothing about appellant calling on him in regard to the case; that appellant has a meritorious defense and there is a balance of $75 due appellant. A counter-affidavit was filed on behalf of plaintiff, sworn to by Ira J. Covey, attorney for plaintiff, stating, that about three or four days after the judgment was rendered, appellant, Finkelstein, called on said Covey and requested him to agree to have the default set aside, and that Finkelstein stated to him that after the summons was served he left Peoria on business and had intended to speak to his attorney Mr. Weil to de-fend for him but had negleced to do so until after the judgment was rendered and that said Covey refused to consent that the default might be set aside; that several times since said judgment was rendered Fink-elstein had talked to him but he had never intimated that he had employed or consulted said Weil previou~ to the rendering of the judgment. The affidavit of Covey also sets forth certain statements made by Finkelstein to him regarding the merits of the case in reply to a letter written by Covey to Finkelstein before the suit was brought with a copy of the letter attached. A counter-affidavit made by Schilling re-garding the merits of the case was also filed.

Sec. 39 of the Practice Act provides that a court may in its discretion during the term set aside any judgment upon good and sufficient cause. A motion to set aside a judgment by default is addressed to the sound legal discretion of the trial court, and a court of review will not disturb the action of a trial court unless such action appears to be wrongful or oppressive. Some reasonable cause must be shown to a trial court to cause it to exercise its discretion to set aside a default. In order that a judgment by default may be set aside two conditions must be shown; first, that the defendant has not been negligent, and second, that he has a meritorious defense. It is insisted by counsel that the court erred in hearing counter-affidavits on the part of appellee. Appellant did not either by motion or in any other way question the propriety of such practice in the trial court and has not assigned any error in that regard in this court. The question of the diligence of appellant was a question to be tried, and finally and conclusively settled by the court, and on that question it was proper to hear affidavits of both parties. Boyle v. Levi, 73 Ill. 175; Palmer v. Harris, 98 Ill. 507; Hartford Life Ins. Co. v. Rossiter, 196 Ill. 277.

Appellant's affidavit tends to show diligence when the suit was first begun, but the statement that the attorney he engaged does not remember that he was ever spoken to also tends to discredit the affidavit, since but little over two months had elapsed between the claimed retainer and the time when the attorney had no recollection of it. The counter-affidavit made by Mr. Covey shows that appellant knew of the judgment three or four days after it was rendered and that appellant at that time asked appellee's attorney to consent that the default might be set aside, giving as a reason therefor that he had neglected to employ an attorney before he left Peoria on a business trip, and that appellee's attorney refused to consent to the set-

ting aside of the judgment. Appellant in no way denies the truth of this statement, and offers no explanation of the unreasonable delay in entering his motion to vacate the judgment. He waited from October 4th to November 27th before taking any steps in court to have the judgment vacated. In Andrews v. Campbell, 94 Ill. 577, the ruling of the trial court was sustained, although only seven days intervened between the time the defendant knew of the default and the entry of the motion to vacate, the court remarking, "that such delay might occasion the loss of a trial at that term." The defendant may have delayed making the motion in this case for the purpose of avoiding a trial at the October term, and such delay would fully justify, and may have been the reason for, the court's action.

It was not proper for appellee to file counter-affidavits on the merits of the action. The appellant was required to show a *prima facie* defense on the merits, in addition to his diligence, before a default should be set aside, but it was not proper to hear affidavits of the appellee regarding the merits of the case on the hearing of such a motion; that would be encroaching on the right of trial by jury. Gilchrist Trans. Co. v. North Grain Co., 204 Ill. 510; Mutual Ins. Co. v. Carnahan, 122 Ill. App. 540; American Mail Order Co. v. Marsh, 118 Ill. App. 248. The affidavits of appellee on the merits did not injure the appellant. The County Court properly refused to set aside the default and judgment because of the unreasonable delay and negligence of appellant. The judgment is affirmed.

*Affirmed.*