GLENS OF HANOVER CONDOMINIUM ASSOCIATION, Plaintiff-Appellant, v. NICK CHIARAMONTE, Defendant-Appellee.

Second District   No. 2—86—0993

Opinion filed July 28, 1987.—Rehearing denied September 14, 1987.

Dawn M. Langer and Nancy R. Cass, both of Marshall N. Dickler, Ltd., of Arlington Heights, for appellant.

Trent, Levato & Kotche, of Wheaton, for appellee.

JUSTICE NASH delivered the opinion of the court:

This is a forcible entry and detainer action brought by the plaintiff, board of managers of Glens of Hanover Condominium Association, against the defendant, Nicholas Chiaramonte, seeking possession of a condominium unit and assessments due the association. Plaintiff appeals from two orders entered by the circuit court: a judgment for possession, which also awarded attorney fees, and a subsequent order granting defendant's motion to vacate the judgment. Plaintiff contends that the fee award was inadequate and that the trial court erred in determining that defendant was not required to pay post-judgment attorney fees in order to obtain a vacation of the judgment of possession. Defendant contends that the appeal from the judgment

for possession should be dismissed on the ground that the notice of appeal was untimely.

Defendant is the owner of a condominium unit within the Glens of Hanover Condominium Association. The association is governed by a declaration which provides, *inter alia*, that assessments are payable on a monthly basis; that the board of managers is authorized to initiate collection proceedings on behalf of the association if the assessments for an individual unit are past due; and that an account in arrears is chargeable with all court costs and attorney fees incurred by the board in connection with such proceedings.

As of February 1986, defendant owed the association approximately $565.06 in assessments. In March 1986, plaintiff brought an action for forcible entry and detainer against defendant pursuant to section 9—111 of the Forcible Entry and Detainer Act. (Ill. Rev. Stat. 1985, ch. 110, par. 9—111.) Service was had by posting notice in accordance with section 9—107 (Ill. Rev. Stat. 1985, ch. 110, par. 9—107), and on May 2, 1986, a default judgment was entered awarding possession to the plaintiff and an *in rem* judgment against the unit for assessments, fees, and costs. On June 6, 1986, on motion by the defendant, the trial court vacated the judgment and set the case for trial on June 16, 1986. On that date, the case was heard on the merits and plaintiff was awarded a judgment for possession and a personal judgment against the defendant in the amount of $565.06 for assessments, $300 in attorney fees, $75 in management fees, and court costs. As a result of an inadvertence by the clerk of the circuit court, the case was dismissed for want of prosecution. On July 9, 1986, the trial court vacated the order of dismissal and entered an order *nunc pro tunc* to June 16, reinstating the prior judgment.

On September 25, 1986, defendant moved to vacate the June 16 judgment, alleging that he had paid the judgment as well as his proportionate share of the common expenses through September 1986. Plaintiff opposed the motion on the ground that defendant's' account was in arrears, because of additional post-judgment attorney fees, which plaintiff set forth in a supporting affidavit. The court granted defendant's motion to vacate and ordered that possession of the unit revert to the defendant. On October 24, 1986, plaintiff filed a notice of appeal from that portion of the June 16 order which awarded $300 as attorney fees and denied an *in rem* judgment, and from the September 25 order granting defendant's motion to vacate.

■ We first consider plaintiff's contention that the trial court erred in vacating the judgment entered on June 16, 1986. Section 9.2 of the Condominium Property Act allows a condominium association

to evict a unit owner for failure to pay assessments (Ill. Rev. Stat. 1985, ch. 30, par. 309.2; *Board of Managers of Dunbar Lakes Condominium Association II v. Beringer* (1981), 94 Ill. App. 3d 442, 447, 418 N.E.2d 1099), and section 9—111 of the Forcible Entry and Detainer Act provides that in such an action, the court may enter judgment for possession and for common expenses, fines, attorney fees and court costs; the court is required to stay the judgment for a period of not less than 60 days nor more than 180 days (Ill. Rev. Stat. 1985, ch. 110, par. 9—111). This section also provides, in part:

"If at any time, either during or after such period of stay, the defendant pays such expenses found due by the court and costs, and reasonable attorney's fees as fixed by the court, and such defendant is not in arrears on his or her share of the common expenses for the period subsequent to that covered by the judgment, the defendant may file a motion to vacate the judgment in the court in which the judgment was entered, and, if the court, upon the hearing of such motion, is satisfied that such default in payment of the proportionate share of expenses has been cured, such judgment shall be vacated." Ill. Rev. Stat. 1985, ch. 110, par. 9—111.

In the present case, plaintiff opposed defendant's motion to vacate the judgment of possession on the ground that defendant was in arrears in his share of the common expenses for the period subsequent to the judgment, which, according to plaintiff, included post-judgment attorney fees. In rejecting this argument, the trial court reasoned, "The attorney fees subsequent to the entry of the judgment are not common expenses all attributable to one unit." The issue for determination by this court is whether the statute requires a unit owner to pay post-judgment attorney fees in order to obtain a vacation of the judgment of possession pursuant to section 9—111 of the Code of Civil Procedure.

▮ The function of the courts in construing statutes is to ascertain and give effect to the intent of the legislature. (*Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 266, 472 N.E.2d 431; *Indian Valley Golf Club, Inc. v. Village of Long Grove* (1985), 135 Ill. App. 543, 552, 481 N.E.2d 277, *appeal denied* (1985), 111 Ill. 2d 556), and the courts will presume that the General Assembly, in adopting legislation, did not intend absurdity, inconvenience or injustice. (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363, 489 N.E.2d 1374.) Forcible entry and detainer is a special statutory procedure, summary in nature. *Avdich v. Kleinert* (1977), 69 Ill. 2d 1, 6, 370 N.E.2d 504; *Miller v. Daley* (1985), 131 Ill. App. 3d 959, 961, 476 N.E.2d 753.

The purpose of section 9—111 is to provide condominium associations with a remedy to collect unpaid assessments, and the purpose of the vacation of judgment provision of the statute is to restore possession to an evicted condominium unit owner who pays the assessments found to be due and owing the association. We consider that section 9—111 should be viewed within the overall summary nature of forcible entry and detainer proceedings. The language of the statute requiring that the defendant not be in arrears on assessments for the period subsequent to the judgment was, in our view, intended to prevent the unit owner from applying current assessment payments to obtain vacation of the judgment, and requiring the association to file a new demand and suit to collect any subsequent unpaid assessments. Ill. Ann. Stat., ch. 30, par. 309.2, Historical and Practice Notes, at 156 (Smith-Hurd Supp. 1987).

The Condominium Property Act defines "common expenses" as follows:

" 'Common Expenses' means the proposed or actual expenses affecting the property, including reserves, if any, lawfully assessed by the Board of Managers of the Unit Owner's Association." (Ill. Rev. Stat. 1985, ch. 30, par. 302(m).)

This definition gives the board of managers broad latitude in determining common expenses, including fines and late charges. Ill. Ann. Stat., ch. 30, par. 302(m), Historical and Practice Notes, at 122 (Smith-Hurd Supp. 1987).

Plaintiff, in support of its argument that the term "common expenses" includes post-judgment attorney fees, relies on section 23 of the "Declaration of Condominium Ownership for the Glens of Hanover Condominium," which provides that all expenses of the board in connection with proceedings initiated against a unit owner, including court costs and attorney fees, shall be assessed against the defaulting unit owner and deemed part of his respective share of the common expenses. Applied literally to the term "common expenses" as it is used in section 9—111, this provision in the declaration would enable the plaintiff to prevent vacation of the judgment of possession by adding attorney fees to defendant's account after the judgment has been obtained and satisfied, and would prevent the defendant from ever ascertaining the status of his account in order to satisfy it. To require the defendant to pay undetermined post-judgment attorney fees as a prerequisite to obtaining a vacation of the prior judgment would place an absurd and unjust construction on the statute. For example, in the present case, plaintiff sought a total of $1,860 in attorney fees for services from May 5, 1986, to September 25, 1986, which included

fees incurred for the hearing of the motion to vacate. The addition of these fees at this point would prevent defendant from determining whether he met the requirements of the statute necessary for vacation of the judgment.

The trial court reasoned that post-judgment attorney fees are not includible in defendant's proportionate share of the common expenses for this purpose. We agree. Section 9—111 provides that defendant may pay "his or her share of the common expenses for the period subsequent to that covered by the judgment." The attorney fees claimed here are attributable to collection efforts brought against one unit, and are not the type of expenses which the legislature contemplated defendant must pay in order to be entitled to be restored to possession. Based upon the declaration, plaintiff has a claim for reasonable post-judgment attorney fees incurred by it in its collection action against defendant; however, it must bring a separate action to recover them if, after assessment against defendant by plaintiff, defendant does not pay. However, the fees are not recoverable in a proceeding to vacate the judgment of possession, and may not act as a bar to vacation of the judgment.

Plaintiff also contends that the amount of attorney fees allowed by the court on June 16, 1986, was inadequate. The record shows that the judgment awarded plaintiff possession and money damages which included an award of attorney fees in the amount of $300. Defendant satisfied this judgment and, as we have determined, was entitled to vacation of the judgment. Since the validity of that judgment is no longer before this court, the issue of the adequacy of the fee award is moot, and we will not consider it. For the same reason, it is unnecessary to address defendant's contention that the appeal from the June 16, 1986, order was untimely.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

REINHARD and UNVERZAGT, JJ., concur.