# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***Gotham Lofts Condominium Ass'n v. Kaider*, 2013 IL App (1st) 120400**

| | |
|---|---|
| Appellate Court Caption | GOTHAM LOFTS CONDOMINIUM ASSOCIATION, Plaintiff-Appellant, v. DONALD KAIDER, Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-12-0400 |
| Filed | February 5, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where plaintiff condominium association was placed in possession of defendant's unit pursuant to a forcible entry and detainer action after defendant failed to pay assessments for common expenses and the association retained an agent to rent the unit and use the rent to pay the assessments, but the agent absconded with the rent, the trial court erred in reinstating defendant to possession based on findings that defendant's account was satisfied, since no evidentiary hearing was conducted and no basis existed for the findings, and, furthermore, the trial court improperly placed the burden of proving the debt had been paid on plaintiff, rather than defendant, and considered issues collateral to the association's forcible entry and detainer action. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 009-M1-715439; the Hon. George F. Scully, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Andrew A. Girard and Bradley J. Rettig, both of Girard Law Group, P.C., of Chicago, for appellant.

Marvin L. Husby III, of Chicago, for appellee.

Panel

JUSTICE CONNORS delivered the judgment of the court, with opinion.
Presiding Justice Harris and Justice Simon concurred in the judgment and opinion.

## OPINION

¶ 1      Plaintiff Gotham Lofts Condominium Association won a judgment of possession for defendant Donald Kaider's condominium property due to defendant's failure to pay assessments for common expenses. Defendant later filed a motion to vacate the judgment, asserting that his delinquent account had been satisfied because plaintiff leased the property to a tenant after the judgment. The circuit court agreed and, among other relief, ordered defendant to be reinstated into possession. We reverse and remand.

¶ 2      Taking possession of condominium property is one of the most powerful remedies that a condo association has available when owners fail to pay their assessments, but the process is under firm statutory control. See generally 765 ILCS 605/9.2 (West 2010) (remedies available for nonpayment of assessments); 735 ILCS 5/9-101 *et seq.* (West 2010) (forcible entry and detainer actions); see also generally *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450 (2002) (discussing the contours of this type of action). When a condo association wins a judgment in a forcible entry and detainer action against a condo owner, the association is entitled to possession of the property until the property owner pays all current and back assessments as well as all costs and attorney fees associated with the forcible entry and detainer action. See 735 ILCS 5/9-111(a) (West 2010). After taking possession, the association has the option (but not the obligation) of leasing the property to a *bona fide* tenant for up to 13 months, which may be extended by order of court if the association is still entitled to possession at the end of the lease term. If the association chooses to lease the property, then it must apply all rental income to the owner's account. When all outstanding assessments, attorney fees, and court costs have been satisfied, the owner is entitled to any surplus in the rent received and may regain possession of the property at the end of the lease term. See 735 ILCS 5/9-111.1 (West 2010).

¶ 3      Plaintiff won a judgment of possession against defendant in September 2009, and it took possession of the property in March 2010. Plaintiff decided to lease the property in order to recoup defendant's delinquent account, which by that point was about $5,800 and included all back assessments, attorney fees, and court costs associated with the forcible entry and detainer action. Plaintiff turned the property over to its property manager, Phoenix Rising

Management Group, Ltd., which then located a tenant and negotiated a lease. Plaintiff entered into the lease with the tenant in April 2010, for a monthly rent of $1,450.

¶ 4    About six months later, however, plaintiff discovered some serious irregularities in its accounts, which led plaintiff to fire Phoenix Rising. Plaintiff hired a new company, Westward Property Management, Inc., and when Westward audited plaintiff's books it discovered that a number of plaintiff's accounts receivable were badly delinquent because Phoenix Rising had allegedly not been collecting payments from unit owners and lessees. Plaintiff hired a law firm to assist with collecting the overdue accounts, and the firm discovered that the tenant who was leasing defendant's property had apparently not paid any rent since she moved in. When pressed on the matter, the tenant refused to pay the alleged back rent and moved out.

¶ 5    By this point, over 13 months had passed since plaintiff had enforced the judgment of possession, so it returned to the trial court and asked for permission to lease the property to a tenant who would actually pay rent. Defendant did not appear at the hearing and the trial court granted plaintiff's motion. About a month later, defendant filed an emergency motion to vacate the leasing-extension order and restore him to possession. The trial court granted defendant's motion in July 2011, pending a final disposition of the issue. The trial court also ordered plaintiff to provide an accounting of all rent received from the tenant, or the absence thereof, but plaintiff was unable to provide any records whatsoever regarding the lease of the property because the relevant records were allegedly still in the exclusive possession of Phoenix Rising.

¶ 6    The trial court ultimately found that plaintiff had provided no evidence of a lease of the property to a tenant, much less any evidence that plaintiff had collected any rent from the alleged tenant. The court also found that, as a matter of law, plaintiff had a duty to exercise its right to lease out defendant's property in a reasonable manner, and that plaintiff was liable for the negligence of its agent Phoenix Rising in failing to collect rent from the tenant. Noting that plaintiff had, contrary to a court order, failed to provide the court with an accounting, the trial court ordered plaintiff to credit defendant's account over $20,000, which was the trial court's estimate of the amount of rental income that plaintiff should have been collecting from the tenant, along with some charges that the trial court found had been erroneously added to defendant's account. Plaintiff then appealed.

¶ 7    There are many problems with what happened in this case, but the crucial one is this: except for the original judgment of possession, none of the facts that we have just recited are actually facts at all. They are instead only allegations made by the parties' attorneys in their various postjudgment motions and at oral argument before the trial court during the hearing on defendant's motion. The dispositive issue in this case is whether the parties must submit evidence that supports their claims to the trial court, or whether mere allegations are sufficient.

¶ 8    Section 9-111 of the Code of Civil Procedure is the controlling law in postjudgment

situations for forcible entry and detainer actions that involve condominium property,[1] and it provides:

> "If at any time, either during or after the period of stay, the defendant pays such expenses found due by the court, and costs, and reasonable attorney's fees as fixed by the court, and the defendant is not in arrears on his or her share of the common expenses for the period subsequent to that covered by the judgment, the defendant may file a motion to vacate the judgment in the court in which the judgment was entered, and, if the court, upon the hearing of such motion, is satisfied that the default in payment of the proportionate share of expenses has been cured, and if the court finds that the premises are not presently let by the board of managers as provided in Section 9-111.1 of this Act [(735 ILCS 5/9-111.1)], the judgment shall be vacated. If the premises are being let by the board of managers as provided in Section 9-111.1 of this Act [(735 ILCS 5/9-111.1)], when any judgment is sought to be vacated, the court shall vacate the judgment effective concurrent with the expiration of the lease term. Unless defendant files such motion to vacate in the court or the judgment is otherwise stayed, enforcement of the judgment may proceed immediately upon the expiration of the period of stay and all rights of the defendant to possession of his or her unit shall cease and determine until the date that the judgment may thereafter be vacated in accordance with the foregoing provisions ***." 735 ILCS 5/9-111 (West 2010).

¶ 9 The meaning of a statute is a question of law that we review *de novo*. See *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 21. "The primary goal of our review is to ascertain and give effect to the legislature's intent. [Citation.] In determining that intent, we may properly consider the language of the statute, the reason and necessity for the law, the evils sought to be remedied and the statute's ultimate aim." *Id.*

¶ 10 Under section 9-111(a), a condo association that prevails in a forcible entry and detainer action against an owner over unpaid assessments is entitled to possession of the owner's property until the owner files a motion to vacate the judgment of possession. As the statute states, the key issue that the court must decide in considering such a motion is whether "the default in payment of the proportionate share of expenses has been cured." 735 ILCS 5/9-111(a) (West 2010). Although not expressly stated in the statute, it is obvious under the plain language of section 9-111(a) that the hearing that the trial court is required to hold on the owner's motion to vacate the judgment is an evidentiary one because whether the default has been cured is a question of fact.

¶ 11 We ordinarily review the factual findings of the trial court only to determine whether they are against the manifest weight of the evidence (see, *e.g.*, *Yellow Book Sales & Distribution*

---

[1] In its opening brief on appeal, plaintiff argued that the trial court lacked jurisdiction over defendant's motion to vacate because the motion did not satisfy the requirements of section 2-1401(a) of the Code of Civil Procedure (735 ILCS 5/2-1401(a) (West 2010)). This is incorrect, as the trial court's jurisdiction in this procedural context is grounded in section 9-111, which empowers the trial court to hear postjudgment motions to vacate a judgment of possession for condominium property due to failure to pay assessments.

*Co. v. Feldman*, 2012 IL App (1st) 120069, ¶ 37), but the problem here is that no evidence was ever presented to the trial court and no evidentiary hearing ever occurred. Defendant's original motion asking to vacate the extension order and to restore him to possession and plaintiff's responses was neither verified nor included any affidavits, and neither side presented any witnesses, depositions, affidavits, or other evidence to the trial court during any of the postjudgment hearings conducted in this matter. Indeed, all that was presented at the final hearing was the arguments of the parties' attorneys, and the trial court lamented several times that it had been given no evidence regarding the crucial issues of the lease, payment of rent, receipt of rental income by plaintiff, or the balance of defendant's account.

¶ 12    Absent an evidentiary hearing, there is no basis in the record for any of the trial court's factual findings regarding the existence or nonexistence of the lease and any payments that the alleged tenant may or may not have made. The failure to conduct an evidentiary hearing on defendant's motion is fatal to the trial court's judgment in this case, so we must reverse on that ground alone. Before remanding this case, however, we think it important to discuss two other areas of concern so that they can be addressed by the trial court.

¶ 13    The first issue is the trial court's allocation of the relative burdens of the parties. Section 9-111(a) is silent as to the allocation of burdens, and the statute's only requirement is that the trial court be "satisfied" that the defendant's default in paying the assessments has been cured. So which party bears the burden of showing that the default has been cured? This is a crucial consideration in this case, given that defendant alleged that there was a lease to a tenant, and plaintiff denied that it ever received any rental income to satisfy the delinquent account. And although neither party ever produced any evidence of its claims, the trial court essentially presumed that the debt had been satisfied and required plaintiff to prove otherwise, placing the burden on plaintiff, not defendant, of introducing any and all evidence about the alleged lease and rental payments.

¶ 14    Although section 9-111 is silent on the burden question, the statute is analogous to sections 2-1203 and 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1202, 2-1203, 2-1401 (West 2010)). Like section 9-111, these sections also create procedures for attacking a judgment after trial. Importantly for our purposes, it is the party requesting relief from judgment that bears the burden of proof for motions under both of these sections. See *In re Haley D.*, 2011 IL 110886, ¶ 57 (section 2-1401); *Espedido v. St. Joseph Hospital*, 172 Ill. App. 3d 460, 467 (1988) (section 2-1203). Nowhere does section 9-111 indicate that plaintiff should bear the burden of showing that the debt has *not* been satisfied. Indeed, plaintiff won judgment at trial because it proved that defendant was delinquent in paying his assessments, and it is defendant, not plaintiff, who is now asking the trial court to vacate that judgment on the ground that his account is current. As is the case with sections 2-1203 and 2-1401, the party seeking to have the judgment vacated should bear the burden of proving any necessary supporting facts. The trial court's decision to place the burden of proof on plaintiff rather than defendant was therefore improper.

¶ 15    There is one important issue about this allocation of the burden that the trial court should be careful to consider in cases of this nature, however, and that is the parties' relative access to information regarding the satisfaction of the debt. In situations where an owner cures the default by paying the money owed directly to the association, the owner should have no

trouble producing evidence proving that the debt has been paid. But in situations that involve a lease of the property under section 9-111.1, we can foresee problems arising when owners lack access to information about the lease and rental payments because that information is held by the condo association or its agents. That appears to be part of the problem in this case, given that all of the relevant documents were allegedly held by Phoenix Rising. We are confident, however, that the trial court has sufficient tools at its disposal to compel the production of relevant documents and, if necessary, impose sanctions for the failure to produce them, and the parties also have the ability to subpoena documents and witnesses for the purpose of an evidentiary hearing and to enforce those subpoenas through the trial court. But regardless of how the evidence is produced, defendant has the burden of proof under section 9-111 and must demonstrate to the trial court's satisfaction that the default has been cured before the judgment of possession can be vacated.

¶ 16    The second issue deals with the trial court's findings that plaintiff had a duty to exercise its right to possession of defendant's property reasonably, that Phoenix Rising was negligent in collecting rent from the tenant, and that plaintiff is liable for Phoenix Rising's negligence. Aside from the fundamental problem of the complete lack of any evidence supporting the second finding, these questions are collateral to the issue of possession and should not have been reached by the trial court. Section 9-106 mandates that, "[e]xcept as otherwise provided in Section 9-120 [which deals with leased premises involved in criminal activity], *no matters not germane to the distinctive purpose of the proceeding shall be introduced* by joinder, counterclaim or otherwise." (Emphasis added.) 735 ILCS 5/9-106 (West 2010). Although section 9-106 deals primarily with pleadings and evidence, there is nothing in the plain language of the section that excludes postjudgment proceedings from its requirements. Indeed, the term "distinctive purpose of the proceeding" refers to the limited nature of a forcible entry and detainer action, which is "to adjudicate the parties' rights to possession of the premises, and, therefore, such proceedings should not be burdened by matters not directly related to the issue of which party is entitled to possession." *Great American Federal Savings & Loan Ass'n v. Grivas*, 137 Ill. App. 3d 267, 275 (1985). A motion under section 9-111 is designed for the sole purpose of determining whether the defendant is entitled to regain possession from the plaintiff after judgment, so section 9-106's germaneness requirement applies with equal force to postjudgment proceedings such as this one.

¶ 17    But the trial court did not confine its inquiry to the issue of possession, contrary to the mandate of section 9-106. The only purpose of a hearing on a motion to vacate the judgment of possession is to answer two factual questions: (1) whether "the default in the payment of the proportionate share of expenses has been cured," and (2) whether the premises are currently leased to a tenant. 735 ILCS 5/9-111 (West 2010). By considering the collateral question of whether plaintiff's agent had been negligent in leasing the property and whether plaintiff was liable for that negligence, the trial court allowed defendant to introduce issues that are not germane to the paramount issue of possession. See generally *Sawyier v. Young*, 198 Ill. App. 3d 1047, 1054 (1990) (identifying germane issues).

¶ 18    Given the parties' allegations about the unusual circumstances of this case, we understand why the court felt that plaintiff's duties regarding the alleged lease and Phoenix Rising's alleged negligence should be addressed. But those issues are not germane to

possession and therefore cannot be considered in the limited context of a forcible entry and detainer action, even after judgment. If defendant wishes to pursue his claim that plaintiff is liable for Phoenix Rising's alleged negligence, then he should test that claim in a collateral tort action, but he may not inject it into this particular proceeding.

¶ 19      Reversed and remanded.