2016 IL App (1st) 140426
No. 1-14-0426

THIRD DIVISION
April 20, 2016

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| STATE PLACE CONDOMINIUM ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | No. 2013 M1 702502 |
| v. | ) ) | |
| CRIXENIA MAGPAYO, | ) ) | The Honorable Aicha McCarthy, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court, with opinion.
Presiding Justice Mason and Justice Lavin concurred in the judgment and opinion.

**OPINION**

¶ 1     This appeal arises out of a forcible entry and detainer action filed by a condominium association against one of its unit owners based on unpaid assessments. Plaintiff State Place Condominium Association (State Place) won a judgment and order for possession (judgment) for defendant Crixenia Magpayo's (Magpayo) condominium property due to Magpayo's failure to pay assessments for common expenses. Magpayo later filed several motions to vacate the judgment, asserting that her delinquent account had been satisfied. The circuit court disagreed and denied all the motions. For the reasons that follow, we affirm.

¶ 2                                    BACKGROUND

¶ 3        Magpayo owns Unit H-903 and parking space P-80 at State Place Condominium Association. Magpayo fell into arrears on her monthly assessments. A notice and final demand for payment was sent to Magpayo.  On January 29, 2013, State Place filed the underlying complaint to this action. State Place alleged that Magpayo had failed to pay monthly assessments, and sought a money judgment and an order for possession.  Magpayo responded by filing a counterclaim seeking damages for assessments that were allegedly paid, missed salary opportunities, missing items from the premises and emotional stress, pain and suffering.

¶ 4        On February 28, 2013, a trial was held. The court determined that State Place was entitled to possession of the property. The court awarded State Place $1863.23 in past due assessments, $357 in court costs and $1667.50 in legal fees. Enforcement of the judgment was stayed until April 30, 2013. Magpayo's counterclaim was stricken as not germane to the issue for possession.

¶ 5        After the trial, Magpayo filed several posttrial motions, frequently filed as emergency motions. Relevant here, Magpayo filed another emergency motion to vacate the judgment which was entered and continued. The court found that Magpayo's previous motions were denied and that Magpayo's new motion to vacate for new reasons was untimely and not well founded. On that same day, Magpayo filed a new motion to vacate the eviction order. Subsequently, the court denied Magpayo's new motion to vacate and barred Magpayo from filing any further posttrial motions without receiving leave of the court.

¶ 6        On May 15, 2013, Magpayo filed an emergency motion to vacate the judgment without leave of the court. The court denied the motion and awarded State Place additional attorney fees in the amount of $1015 for five court appearances. Magpayo again filed a motion to vacate the

judgment and dismiss the case, but was ordered by the court to file a motion to reconsider, which was denied.

¶ 7 On September 19, 2013, having failed to cure the default, Magpayo was evicted from the property. By an agreed order State Place allowed Magpayo access to the property to obtain personal items.

¶ 8 On November 21, 2013, Magpayo filed an emergency motion to vacate the judgment and restore her to possession under section 9-111 of the Illinois Forcible Entry and Detainer Act (forcible statute). 735 ILCS 5/9-111 (West 2012). Section 9-111 of the forcible statute allows a defendant to pay expenses found due by the court and after the court is satisfied that the expenses have been paid, and the premises is not let, the judgment for possession shall be vacated. 735 ILCS 5/9-111(a) (West 2012).

¶ 9 On November 25, 2013, the court entered an order finding that: "This matter coming to be heard on Defendant's ninth emergency motion to vacate the judgment and order for possession, the court being advised in the premises[;] It is hereby ordered that Defendant's motion is denied. Defendant had not tendered amounts owed prior to filing this motion and Plaintiff has entered into a lease for the premises."

¶ 10 On November 26, 2013, Magpayo filed an emergency motion to reconsider, alleging the court denied her an evidentiary hearing on November 25, 2013. In Magpayo's motion to reconsider, she states that she had appeared on November 25, 2013, and was prepared to tender to State Place two cashier's checks and two personal checks, along with proof of all previous payments made by her to State Place, in satisfaction of her past due assessments and State Place's attorney fees. One cashier's check was for $1677.50 and the other for $1015. The personal checks were for $800 each for October and November assessments. Magpayo maintained that

absent an evidentiary hearing there was no basis for the court's findings regarding the existence or nonexistence of the lease and any payments that she may or may not have made.

¶ 11    At the hearing on November 27, 2013, initially, the court found that it was not an emergency and that plaintiff would be allowed time to respond. In response to Magpayo's allegations that there was no basis for the court's findings that there was a lease, the court stated that, "The lease has been entered into. It's signed." Further, the court stated "It was shown to your counsel right here on Monday."

¶ 12     Also, at the hearing, Magpayo's attorney stated that Magpayo had been in court on Monday and that she was presently in court, with cashier's checks and personal checks and that under the statute, before or after judgment is entered, she can pay and get the order vacated and restored to possession. The court responded: "If it's not leased. If the property is not leased." The court further noted that a tenant was moving in on Saturday [November 30, 2013]. Magpayo's attorney requested a copy of the lease which State Place's attorney agreed to attach to their response. At the end of the proceedings, a briefing schedule was ordered with Magpayo's motion to be heard on January 14, 2014. Magpayo filed her reply in support of her motion to reconsider on January 1, 2014.

¶ 13    On January 14, 2014, the court denied Magpayo's motion to reconsider, referencing reasons provided in the record, and granted State Place leave to file a petition for attorney fees. There is no transcript of this hearing contained in the record on appeal. Magpayo filed a notice of appeal specifying that she was appealing from the orders of November 25, 2013, denying her motion to vacate the judgment, and January 14, 2014, denying her motion to reconsider.

¶ 14                    ANALYSIS

¶ 15    As an initial matter, as noted, Magpayo's notice of appeal states that she only seeks review of the November 25, 2013, and January 14, 2014, court orders. However, she argues in her brief that the February 28, 2013, judgment and order for possession and the May 21, 2013, award of attorney fees were error.[1] Illinois courts have repeatedly held that the notice of appeal confers jurisdiction on the appellate court over only those judgments specified in the notice of appeal. *Diocese of Quincy v. Episcopal Church*, 2014 IL App (4th) 130901, ¶ 35.

¶ 16    We further observe that Magpayo has not supplied the court with a sufficient record on appeal to review all of the issues presented as required by Illinois Supreme Court Rule 323 (eff. Dec. 13, 2005). "This court has long held that in order to support a claim of error on appeal the appellant has the burden to present a sufficiently complete record." *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). "Where the issue on appeal relates to the conduct of a hearing or proceeding, the issue is not subject to review absent a report or record of the proceeding." *Id*. Additionally, when there is no record of the proceeding, it is presumed that the court relied on adequate evidence to support its decision. *Skaggs v. Junis*, 28 Ill. 2d 199, 201-02 (1963). Any doubts which may arise from the incompleteness of the record will be resolved against the movant. *Foutch*, 99 Ill. 2d at 392. We now turn to the substance of Magpayo's appeal and address each issue in turn.

¶ 17    Magpayo contends that the court's denial of her motion to vacate was improper. She maintains that the court was required to hold an evidentiary hearing on her motion and that the absence of such a hearing was error. Additionally, Magpayo argues that the payment of postjudgment attorney fees is not a condition precedent to cure a judgment for possession.

---

[1] State Place Condominiums Association's motion to strike Magpayo's arguments relating to the trial court's orders of February 28, 2013, and May 21, 2013, because they were not specified in Magpayo's notice of appeal, was granted.

Lastly, Magpayo maintains that there was no evidence of a lease of the subject property and it was error for the court to find that a lease existed.

¶ 18    State Place responds that there is nothing in the record to indicate whether there was or was not an evidentiary hearing, and in fact there was one. State Place argues that the payment of attorney fees is required under the applicable statute. Lastly, State Place contends that there was sufficient evidence presented to the court on November 25, 2013, to allow the court to make the factual determinations that the default had not been cured and that there was a lease in existence.

¶ 19    Our review of the parties' arguments and resolution of the legal issues before us require consideration of section 9-111 of the forcible statute, which states in pertinent part:

> "If at any time, either during or after the period of stay, the defendant pays such expenses found due by the court, and costs, and reasonable attorney's fees as fixed by the court, and the defendant is not in arrears on his or her share of the common expenses for the period subsequent to that covered by the judgment, the defendant may file a motion to vacate the judgment in the court in which the judgment was entered, and, if the court, upon the hearing of such motion, is satisfied that the default in payment of the proportionate share of expenses has been cured, and if the court finds that the premises are not presently let by the board of managers as provided in Section 9-111.1 of this Act, the judgment shall be vacated." 735 ILCS 5/9-111(a) (West 2012).

¶ 20    The construction of a statute is a question of law that is reviewed *de novo*. *In re Andrew B.*, 237 Ill. 2d 340, 348 (2010). The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *Slepicka v. Illinois Department of Public Health,* 2014 IL 116927, ¶ 14. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *Id*. Further, when a statute defines the very terms it uses, those

terms must be construed according to the definitions contained in the statute. *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 182 Ill. 2d 240, 244 (1998). Also, a court presumes the General Assembly, in its enactment of legislation, did not intend absurdity, inconvenience, or injustice. *Land v. Board of Education of the City of Chicago,* 202 Ill. 2d 414*,* 422 (2002).

¶ 21    We review the factual findings of the trial court only to determine whether they are against the manifest weight of the evidence. *Yellow Book Sales & Distribution Co. v. Feldman*, 2012 IL App (1st) 120069, ¶ 37. A trial court's ruling is considered against the manifest weight of the evidence when the opposite conclusion is clear, or the finding is unreasonable. *Best v. Best*, 223 Ill. 2d 342, 350 (2006). This standard gives deference to the trial court because it is in the best position to observe the conduct of the parties and weight to be given to the evidence. *Id*. at 350-51.

¶ 22    Under section 9-111 of the forcible statute, a condo association that prevails in a forcible entry and detainer action against an owner over unpaid assessments is entitled to possession of the owner's property until the owner files a motion to vacte the judgment for possession. *Gotham Lofts Condominium Ass'n v. Kaider*, 2013 IL App (1st) 120400, ¶ 10. As the statute states, the key issue that the court must decide in considering such a motion is whether "the default in payment of the proportionate share of expenses has been cured." 735 ILCS 5/9-111 (West 2012).

¶ 23    Turning to Magpayo's first contention on appeal, she argues that the trial court failed to hold an evidentiary hearing on her motion to vacate the judgment. According to Magpayo, the trial court erred in not holding an evidentiary hearing which she maintains would have preserved her right under the statute to regain her right to possession of the property.

¶ 24    Magpayo asserts that the order of November 25, 2013, reflects that there was no evidentiary hearing on her motion to vacate. Magpayo states that attached to her motion to vacate were all the cancelled checks evidencing the payments of all sums owed under the judgment. Magpayo argues that the trial court denied her motion on the basis she had not tendered the amounts owed, despite the exhibits attached to her motion.

¶ 25    In support, Magpayo relies on *Gotham Lofts Condominium Ass'n v. Kaider*, 2013 IL App (1st) 120400, for the proposition that an evidentiary hearing is mandated by the statute. 735 ILCS 5/9-111 (West 2010). In *Gotham*, the plaintiff condominium association won a judgment for possession against the defendant due to his failure to pay his proportionate share of the common expenses. *Gotham*, 2013 IL App (1st) 120400, ¶ 1. Subsequently, the plaintiff leased the property. *Id.*, ¶ 3. After 13 months, plaintiff returned to court to ask permission to lease the property again. *Id.*, ¶ 5. Defendant followed with an emergency motion to vacate the leasing extension order and restore him to possession. *Id.* The trial court granted the defendant's motion finding that the plaintiff provided no evidence of a lease of the property. *Id.*, ¶ 6.

¶ 26    The *Gotham* court stated that "[t]he dispositive issue in this case is whether the parties must submit evidence that supports their claims to the trial court, or whether mere allegations are sufficient." *Id.*, ¶ 7. The court noted that the hearing contemplated by section 9-111(a) of the forcible statute is an evidentiary one because it is a question of fact. *Id.*, ¶ 10 (citing 735 ILCS 5/9-111(a) (West 2010)). In *Gotham,* the court found that "no evidence was ever presented to the trial court and no evidentiary hearing ever occurred." *Id.*, ¶ 11. Accordingly, the court stated, "absent an evidentiary hearing, there is no basis in the record for any of the trial court's factual findings regarding the existence or nonexistence of the lease and any payments the alleged tenant may or may not have made." *Id.*, ¶ 12.

¶ 27    We find Magpayo's reliance on *Gotham* unavailing because it is factually distinguishable. Unlike *Gotham*, where there was no evidence presented to the court, in the case at bar, and on the limited record Magpayo has provided, there was evidence of the existence of a balance owed and a signed lease.

¶ 28    Moreover, we find that the language in the statute does not mandate an evidentiary hearing, only sufficient evidence adduced by the movant that the judgment has been cured and the property has not been leased. Section 9-111(a) of the forcible statute states in pertinent part, "if the court, upon the hearing of such motion, is satisfied that the default in payment of the proportionate share of expenses has been cured, and if the court finds that the premises are not presently let *** the judgment shall be vacated." 735 ILCS 5/9-111(a) (West 2012).

¶ 29    Additionally, State Place points to Magpayo's attempt to cure the default on November 25, 2013, with the presentment of cashier's checks and personal checks for the outstanding balance as evidence that money was due. This attempt took place two months after Magpayo's eviction. We agree and find that her attempt to pay the outstanding balance is sufficient evidence that Magpayo had not cured the default. We reject Magpayo's contention and find that the trial court was not required to hold an evidentiary hearing.

¶ 30    Next, Magpayo maintains that to cure the default it was not necessary to pay postjudgment attorney fees as a condition precedent to returning her to possession of her property. Magpayo contends that she had already paid her assessments in full, and that the only sums remaining due were the postjudgment attorney fees awarded to State Place after the February judgment. Magpayo argues that this court has established that these fees are not required to be paid before returning a condominium owner to possession. In support, Magpayo relies on *Glens of Hanover Condominium Ass'n. v. Chiaramonte*, 159 Ill. App. 3d 287, 292

(1987), for the proposition that the payment of attorney fees are not necessary to cure a default for possession. We find this reliance misplaced.

¶ 31    In *Chiaramonte*, the plaintiff condominium association appealed from the trial court's granting of defendant owner's motion to vacate an order for possession for nonpayment of assessments. *Id*. at 289. The plaintiff argued that although the defendant had paid the past due assessments, the postjudgment attorney fees had not yet been paid. *Id*. The trial court concluded that the postjudgment attorney fees may not be used as a bar to vacating an order for possession in a condominium forcible entry case, and the appellate court agreed. *Id*. at 292.

¶ 32     State Place contends that the court never determined that postjudgment attorney fees must be paid before restoring Magpayo to possession. Additionally, State Place maintains that *Chiaramonte* is no longer good law because of an amendment to section 9.2 of the Condominium Property Act. 765 ILCS 605/9.2 (West 2012). We agree. Subsequent to the holding in *Chiaramonte*, the legislature amended section 9.2 of the Condominium Property Act to include attorney fees as respective shares of the common expenses. Pub. Act 88-417, § 10 (eff. Jan. 1, 1994) (amending 765 ILCS 605/9.2 (West 1992)). The amendment added subsection (b) to section 9.2 which states in pertinent part:

> "Any attorneys' fees incurred by the Association arising out of a default by any unit owner, his tenant, invitee or guest in the performance of any of the provision of the condominium instruments, rules and regulations or any applicable statute or ordinance shall be added to, and deemed a part of, his respective share of the common expense." 765 ILCS 605/9.2(b) (West 2012).

¶ 33    Correspondingly, section 9-111 of the forcible statute states that in order to vacate the order for possession a defendant must prove "defendant is not in arrears on his or her share of the

common expenses for the period subsequent to that covered by the judgment." 735 ILCS 5/9-111 (West 2012). Illinois law not only permits, but requires that attorney fees incurred by the Association that arise out of a default be added to a unit owner's share of the common expenses. See *McCarter v. Kovitz Shifrin Nesbit*, 6 F. Supp. 3d 797, 803 (N.D. Ill. 2013). State Place's attorney fees had to be paid to cure the judgment and there was evidence that Magpayo had not paid the fees. Therefore, we find support for the court's conclusion that an outstanding balance precluded Magpayo from curing the judgment.

¶ 34    Lastly, Magpayo argues that there was no evidence of a lease of the subject property and it was error for the court to find that a lease existed. We note that Magpayo mischaracterizes the facts and find no support for her claim. Contrary to her argument, the record reveals that Magpayo's counsel saw the lease, and never attempted to bar that evidence. In fact, as noted above, the trial court specifically stated in the hearing on November 27, 2013, that "It was shown to your Counsel right there on Monday [November 25, 2013]."

¶ 35    Magpayo additionally argues that presenting a lease without testimony as to its signatures, or payment of such monies, or [that a tenant is] moving into the unit, demonstrates why an evidentiary hearing is required. Magpayo contends that had there been a hearing, the court would have found that the new tenant had not moved in, or paid any rent or even signed the lease.

¶ 36    Significantly, in the record of proceedings from November 27, 2013, Magpayo's attorney admits he saw the lease. He made no comment as to its validity. Moreover, the court stated that a tenant was moving in. We note that although the court's written order on Magpayo's motion is included as a part of the record, no transcript from that proceeding has been provided. Absent a report of the proceeding, we must presume that the trial court followed the law and any doubt

that may arise from incompleteness will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Here, because we lack a transcript of the proceeding at which the motion was denied, we are compelled to construe the absence of a complete record against Magpayo, and conclude that the court's finding that a lease existed was supported by the evidence.

¶ 37     Our conclusion is also bolstered by a review of the court's written order and its subsequent comments from the proceedings on November 27, 2013, for which there is a transcript. The court's written order entered on November 25, 2013, states in pertinent part: "Defendant had not tendered amounts owed prior to filing this motion and Plaintiff has entered into a lease for the premises."

¶ 38     Without a transcript from the November 25, 2013, or January 14, 2014, hearings, there is not an adequate record preserving the claimed error, and we must presume the court had a sufficient factual basis for its holdings and that its orders conform to the law. See *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005). Based upon the record supplied to this court, we are unable to find that the court's rulings are unreasonable or that the opposite conclusion is clear. Therefore, the trial court's order denying Magpayo's motion to vacate was supported by the evidence in the record on appeal and is not against the manifest weight of the evidence.

¶ 39                              CONCLUSION

¶ 40     For the reasons stated we conclude that the trial court's order denying Magpayo's motion to vacate was proper because she had not cured the judgment and the property had been leased.

¶ 41     Affirmed.